ALBERT M. RICH *vs*. CITY OF ROCKLAND.

Knox.    Opinion January 23, 1895.

*Way.   Defect.   Notice.   Officer.   Servant.   R. S., c. 18, § 80.*

In an action to recover damages for personal injuries caused by a defective street, it appeared that the defect was created by a servant of the city. *Held;* that he was not such an officer of the city as the statute requires should have notice of the defect in order to make the city liable on account of it.

ON REPORT.

This was an action against the city of Rockland to recover damages for an injury received by reason of a defect in the highway in said city.

The only question as stipulated in the report, was whether or not the city of Rockland had such notice of the alleged defect as would entitle the plaintiff to recover.

The defect complained of was a pile of ice and snow about two feet high within the limits of the street and near a catch-basin. It was not claimed that either of the municipal officers, or the road commissioners, had been given any actual notice of the existence of the defect.

The plaintiff claimed that the defect was created by a servant and agent of the city, a foreman under the road commissioners, and that, for that reason, the fact of the existence of the alleged defect was known to the defendant and they had no occasion for notice thereof.   It was admitted that Mr. Simmons was the sole foreman employed by the road commissioners of Rockland, and was instructed by them to keep the roads broken out and the sidewalks shoveled off within the limits where the accident occurred.   From this admission the plaintiff claimed that, when he was clearing away the sidewalk and the catch-basin, and

leaving the pile of ice and snow in the street, he was not only in the employ of the road commissioners and the city of Rockland, but was acting under their express instructions.

*C. E. and A. S. Littlefield*, for plaintiff.

Counsel cited : *Holmes* v. *Paris*, 75 Maine, 559 ; *Buck* v. *Biddeford*, 82 Maine, 433 ; and commented on them and the authorities therein cited and approved.  This act of the foreman was the act of the street commissioners, and the act of the city, and constituted all the notice that was necessary of the existence of the defect.   Counsel also cited : *Monies* v. *Lynn*, 119 Mass. 273 ; *Hinckley* v. *Somerset*, 145 Mass. 326 ; *Stoddard* v. *Winchester*, 157 Mass. 567 ; *Wilson* v. *Troy*, 135 N. Y. 96.

*W. R. Prescott*, city solicitor, for defendant.

The case discloses facts differing from cases cited by plaintiff. The snow was the prime cause of the injury.   The snow fell into the street and upon the sidewalk in Rockland as it does everywhere else, and none of the city officers caused it to fall, there was no active agency on the part of the city in placing the snow where it fell. An employee of the city in removing what was legally in the street made a cause which might or might not by subsequent freezing produce a defect.   There is no evidence that the road commissioners had notice or knowledge of the defect causing the accident.   And there is nothing in the evidence that warrants the conclusion that even Mr. Simmons had any knowledge that any hard pile of snow existed at the time of the accident. Counsel cited : *Smyth* v. *Bangor*, 72 Maine, 252.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

HASKELL, J.   Action for damages sustained from a defective street.   It appears that a servant of the city, in cleaning the sidewalks of a Sunday morning, in a "little drizzling rain," left a pile of snow in the street a couple of feet high that later in the day began to freeze, and on Monday became frozen hard.   This was the defect complained of, and the only question presented

is, whether defendant had such notice of the defect as the statute requires.

The man who shoveled the snow was not such officer of the city as the statute requires to have had at least twenty-four hours' notice of the defect before the accident. But it is contended by the plaintiff that the defect was created by an employee of the city, in the discharge of his duty in the repair of streets under the road commissioners, and, therefore, no further notice to the city is required under the doctrine of *Holmes* v. *Paris*, 75 Maine, 559, and *Buck* v. *Biddeford*, 82 Maine 433. In the first case, the highway surveyor, and in the other, the street commissioner, officers to whom notice of a defect may be given, created the defects, respectively; and both cases hold that no other notice is necessary. Neither of these cases apply to the case at bar. Here a servant of the city, not a person whose notice of a defect is necessary to charge the city, as in the cases above cited, created the supposed defect. No officer of the city knew of it, and the city cannot be held chargeable for it.

*Plaintiff nonsuit.*