IDA M. EMERY *vs.* CITY OF WATERVILLE.

Kennebec.    Opinion July 5, 1897.

*Way.    Defect.    Notice.    R. S., c. 18, § 80.*

The mere fact that a street commissioner directed a subordinate to construct
a cross-walk across a street does not of itself charge the street commis-
sioner with " actual notice " (under R. S., c. 18, § 80) that the cross-walk
was so constructed as to become a defect in the street.

*Held;* that the question of notice, under such circumstances, is not one of
general legal principles, but is purely one of statutory interpretation, since
the injured party's right of action, if any, is based solely on the statute.
The doctrines of principal and agent, or master and servant, in this respect
are not applicable.

*Holmes* v. *Paris*, 75 Maine, 559; *Buck* v. *Biddeford*, 82 Maine, 433, distin-
guished.

ON EXCEPTIONS BY DEFENDANT.

This was an action on the case to recover for damages sustained
by plaintiff, on account of the alleged defective condition of Sher-
win street in the city of Waterville. The plea was the general
issue and defendants particularly relied upon plaintiff's failure to
prove legal notice of the alleged defect to the municipal officers.
Upon that point the presiding justice instructed the jury as fol-
lows: " I feel it my duty to say that there is sufficient evidence
here, uncontradicted and uncontroverted, to hold that the street
commissioner had twenty-four hours actual notice of the condition
created by his order. Therefore, you will consider that the evi-
dence here shows that the street commissioner must be deemed to

have had twenty-four hours actual notice of the condition created by his order." The jury returned a verdict for the plaintiff, and to these rulings and instructions defendants excepted.

*C. F. Johnson,* for plaintiff.

The defendant city by its own act having created the defect, which caused the injury, is estopped to set up want of notice ; or to shield itself from liability because there is a failure to meet the statute requirement of notice. That statute does not apply to cases of this kind. The street commissioner, having created this defect by his orders to his employees acting under him, had twenty-four hours actual notice, as required by the statute. *Holmes* v. *Paris,* 75 Maine, 559 ; *Buck* v. *Biddeford,* 82 Maine, 433 ; *Haines* v. *Lewiston,* 84 Maine, 18. The acts of the foreman and the laborer, who built the cross-walk were as much the acts of the street commissioner as if he had performed them with his own hands. Otherwise, a city might escape all liability for structural defects by having its street commissioner issue orders for work and then avoid the inspection of it.

In Dillon Mun. Corp. Vol. 2, § 1024, 4th Ed. it is stated: " Where streets have been rendered unsafe by the direct act, order, or authority of the municipal corporation, not acting through independent contractors—the effect of which will be considered presently—no question has been made or can reasonably exist as to the liability of the corporation for injuries thus produced, while the person suffering them is without contributory fault or is using due care. Even in those States in which a municipality is not held impliedly liable for a private action for neglecting to keep its streets in repair, it is yet held to be liable if its officers, under its authority, by positive acts, place obstructions on the streets, or, by such acts, otherwise render them unsafe, whereby travelers are injured." *Stoddard* v. *Winchester,* 157 Mass. 567, and cases cited ; *Wendall* v. *Troy,* 39 Barb. 329 ; *Conrad* v. *Ithaca,* 16 N. Y. 158 ; *Storrs* v. *Utica,* 17 N. Y. 104 ; *Turner* v. *Newburgh,* 109 N. Y. 301 ; *Bressau* v. *City of Buffalo,* 90 N. Y. 679 ; *Springfield* v. *Le Clair,* 49 Ill. 349 (68 Am. Dec. 553) ; *Detroit* v. *Gary,* 9 Mich. 165—186 ; *Glantz* v. *South Bend,* 106

Ind. 305; *Houston* v. *Isaacks,* 68 Tex. 116; *Baltimore* v. *Pen-dleton,* 15 Md. 12; *Gregg* v. *Weathersfield,* 55 Vt. 385; *Spear-brocker* v. *Larrabee,* 64 Wis. 573; *Adams* v. *Oshkosh,* 71 Wis. 49; *Studley* v. *Oshkosh,* 45 Wis. 380.

*H. D. Eaton,* City Solicitor, for defendant.

The old statute simply required reasonable notice to the city or town. The new statute requires actual notice to some one of an enumerated list of officers.

The cases cited by the plaintiff arose under statutes, by the terms of which a town or city may be held liable if they had " reasonable notice of the defect, or might have had notice there-of by the exercise of proper care and diligence." These cases in other states, arising under different statutes, do not apply to the case at bar.

SITTING: PETERS, C. J., EMERY, FOSTER, STROUT, SAVAGE, JJ.

EMERY, J. The street commissioner of Waterville was requested to continue a gravel sidewalk along Summer Street across Sherwin Street. This would make a gravel cross-walk across Sherwin Street at its junction with Summer Street. He, without personally going to the locality, directed a foreman to have some gravel hauled there and spread so as to make such a cross-walk and grade up the sidewalk on Summer Street. The foreman sent the gravel and sent a laborer in the employ of the city to spread it across Sherwin Street. The laborer undertook to do so, but did it in such a manner that the gravel, as left by him across Sherwin Street, became a defect in that street through which the plaintiff was injured.

The street commissioner had no other notice of that defect than what could properly be implied from the circumstances above stated. Was that an "actual notice" to him within the statute R. S., c. 18, § 80? The question is not one of general legal principles, but is purely one of statutory interpretation, since the plaintiff's right of action, if any, is based solely on the statute.

The plaintiff contends that the street commissioner, through his subordinates, created or caused the defect and hence must be held either to have had actual notice of the defect, or else not to be entitled to more notice, under the doctrine of *Holmes* v. *Paris*, 75 Maine, 559; and *Buck* v. *Biddeford*, 82 Maine, 433. But did the street commissioner in this case create or cause the defect?

In *Holmes* v. *Paris*, supra, he clearly did. He "deposited and left heaps and piles of dirt in the traveled part of the highway." He therefore knew they were there,—knew the actual condition of the road,—knew its defective condition, since "heaps and piles of dirt in the traveled part" of a road in themselves constitute a defect. In *Buck* v. *Biddeford*, supra, the defect was an improperly, and visibly improperly, constructed iron grating over a cesspool in the street. The street commissioner directed that particular grating, or pattern of grating, to be placed in the street. He knew it was there, knew its actual condition, and hence knew the defective condition of the street.

In the case at bar, the street commissioner directed gravel to be hauled and spread to make a cross-walk at the place named. He undoubtedly therefore created a cross-walk there. He was also bound to assume that his orders were executed and hence bound to know that gravel had been hauled and spread there. But he was not bound to assume, or even apprehend, that the work he had commanded was left incomplete or imperfect. While the cross-walk was his, the imperfections were not his. A cross-walk in itself is not a defect. To know of a cross-walk is not to know of a defect. The defect was created not by the commissioner but by the laborer, without instructions or directions so to do. The commissioner, while cognizant of the existence of a cross-walk, was ignorant of any defect in the street, ignorant indeed of any conditions which might constitute a defect.

The case of *Rich* v. *Rockland*, 87 Maine 188, is illustrative of the distinction above made. The plaintiff urges that it does not apply, inasmuch as there the defect created,—the ridge of frozen snow,—was not part of a thing constructed or ordered to be constructed by the commissioner, but was outside of that work.

Nevertheless the cases are similar in this, that the subordinate and not the commissioner created the defect.

A defect created in a street by a subordinate, even in the line of his general duty or employment, is not thereby created by his superior the street commissioner. The doctrines of principal and agent, or master and servant, in this respect are not applicable. Within the purview of this statute, the act of the subordinate is not the act of the commissioner unless specifically directed by him. The subordinate's creation or knowledge of a defect is not notice to the commissioner of that defect. *Welch* v. *Portland*, 77 Maine, 384.

*Exceptions sustained.*