State v. Dunlap.

### The State *versus* John Dunlap.

On the trial of an indictment, under the statute, for cheating by false pretences, the offence is complete, if there be one pretence, and that proved to be false, and made with a fraudulent design to obtain credit for goods, and credit is induced to be given thereby, although the indictment charges that the goods were obtained by more than one false pretence.

Exceptions from the Middle District Court, Redington J. presiding.

This was an indictment against Dunlap for obtaining goods of one Carroll by false pretences.

The facts appearing in the exceptions are found in the opinion of the Court, and also the instruction of the presiding Judge. The verdict was, that the respondent was guilty.

*Rice*, for the respondent, contended that the instruction to the jury was erroneous; and cited 1 Wheeler's Criminal Cases, 448; 2 Wheeler's Cr. Cas. 161; 13 Wend. 87; *Comm.* v. *Drew*, 19 Pick. 185; 4 City Hall Rec. 156; 1 C. & P. 661.

*H. W. Paine*, County Attorney, for the State, cited 11 Wend. 557; *Comm.* v. *Drew*, 19 Pick. 179; and *State* v. *Mills*, 17 Maine R. 211.

The opinion of the Court was drawn up by

Whitman C. J. — This is an indictment under the statute, for cheating by false pretences: and the case comes before us upon exceptions taken to the instructions of the Judge to the jury, on the trial in the Court below. These were, as stated in the exceptions, that, "if said representations constituted any

·part of the inducement of Carroll to part with the goods, the offence was made out: That, if any one of the false pretences had the effect, though the others were inoperative, the offence was made out." The exceptions commenced with stating, that Carroll testified that the defendant made the representations as charged, and that they were proved to have been false. What the representations charged were, the exceptions do not show. We must presume that they were such as would support the indictment, if proved to be false, and were intended to defraud Carroll of his property, and had that effect. The charge of the Judge would seem to have been in substance that if any one of them were so designed, and had that effect, the offence was made out. And we think the cases of the *Commonwealth* v. *Drew*, 19 Pick. 179; and *The State* v. *Mills*, 17 Maine R. 211, fully sustain the charge. The discussions in those two cases were elaborate; reviewing all the cases cited by the counsel for the defendant in this case, and overruling the dictum cited from Wheeler's criminal cases. Indeed the decisions in the Supreme Court of New York, (*People* v. *Stone*; 9 Wend. 182; and *People* v. *Haynes*, 11 *ib.* 557,) have done the same. There can be no rational doubt, if there be one pretence, and that proved to be false, and made with a fraudulent design to obtain credit for goods, and credit is induced to be given thereby, that the offence is complete.

*Exceptions overruled.*