JOHN H. CROSMAN *vs.* CITY OF LYNN.

Essex.    November 9. — 14, 1876.    COLT, DEVENS & LORD, JJ., absent.

If a maidservant, without any fault on her part, is prevented from returning from her mother's house to her employer's on Saturday night, her employer is justified in using his horse and carriage to bring her to his house on the morning of the Lord's day, that she may prepare needful food for his family, and may maintain an action against a town for an injury to his horse, caused by a defect in the high- way, while so travelling.

TORT for injuries to the plaintiff's horse, occasioned by a de- fect in Union Street, a highway which the defendant was bound to keep in repair.    Trial in the Superior Court, before *Bacon,* J., who allowed a bill of exceptions in substance as follows :

It was in evidence that the plaintiff, on April 26, 1874, resided in Swampscott, but had his place of business in Lynn, a mile and a quarter from his residence ; that his business was that of undertaker ; that Michael P. Haven and Kate Haven were then employed by him, and that their mother lived in a tenement over the plaintiff's shop in Lynn ; that Michael had, among other duties, the care of the plaintiff's horses, which were kept at the plaintiff's stable in Lynn, connected with his shop ; and that the general housework in the plaintiff's family, including

the cooking, was done by Kate; that on Saturday evening, April 25, Kate went to Lynn to attend a fair, and visit her mother, and missed the train to Swampscott, by which she had intended to return that night to the plaintiff's house; that she had no permission from the plaintiff to be absent during the night, and was expected by him to return that evening; that she was informed that the next train was late and that it was doubtful about its coming at all, and, as it was then damp and rainy, she concluded to stay at the house of her mother during the night; and, as it was late, she thought it more convenient to stay and go to her place of work in the morning, and she stopped at her mother's as a matter of convenience, her house being near the station; that on the next morning, it being Sunday, Michael took the plaintiff's horse and carriage, and carried Kate to the plaintiff's house in Swampscott from his place of business in Lynn; that they started at about ten minutes before six in the morning, there being then several inches of wet snow on the ground, and went directly through Union Street to the plaintiff's house, where Michael left Kate and returned directly to Lynn; that while on his way returning to the plaintiff's stable in Lynn, and while he was in Union Street, the injury occurred; and that the special object and purpose of their travelling and going to Swampscott at that time was that Kate might prepare the breakfast that morning for the plaintiff's family and attend to his housework.

Upon this evidence, the judge ruled that the said travelling on the Lord's day was not a work of necessity or charity, within the Gen. Sts. c. 84, § 2, and that the plaintiff was not entitled to recover, and directed the jury accordingly to return a verdict for the defendant, which they did; and the plaintiff alleged exceptions.

*A. Jones & G. L. Shorey*, for the plaintiff, were stopped by the court.

*W. Howland*, for the defendant.

GRAY, C. J. The evidence would warrant the jury in finding that the maidservant, without any fault on her part, was prevented from returning from her mother's house to her employer's on Saturday night, and returned early on Sunday morning for the purpose of preparing needful food for her employer's

family, which was a work of necessity, and justified her in travelling, and her employer or his manservant in driving her, on the Lord's day. Gen. Sts. *c.* 84, § 1. *Rex* v. *Cox*, 2 Burr. 785. *The King* v. *Younger*, 5 T. R. 449. *Commonwealth* v. *Sampson*, 97 Mass. 407, 409. *Exceptions sustained.*