ELIJAH BUCK *vs.* CITY OF BIDDEFORD.

Announced at Law Term, Western District, July 1889.

York.   Opinion March 3, 1890.

</div>

| 82 | 433 |
| 87 | 190 |
| 82 | 433 |
| d90 | 488 |

*Sunday law.   Way.   Defect.   Notice.   Due care.   R. S., c.* 124, § 20.

Travelling on the Lord's day may be justified on the ground of necessity or as a deed of charity.

A woman visiting at the plaintiff's house informed him on the Lord's day that she had got to go home that night, a distance of some two miles, on a cold windy day in December. He thereupon took her home with his horse and sleigh. *Held,* that the act was not unlawful.

A way is defective when there is a cesspool in it, with an iron grating or cover having between its bars and rim a space wide enough to receive a horse's foot.

In an action to recover damages by reason of a defective way, it appearing that the cover to a cesspool, which created the defect, was placed there by a street commissioner, *Held,* that no other or further notice is necessary.

A traveller has the right to presume that he may drive with safety over all parts of a street which is a public thoroughfare of a city. He is not required to leave his team in the middle of the street while stopping, but may drive to the side of the street and near the curbing.

ON REPORT.

The plaintiff sought, in this action, to recover damages for injuries to his horse, received on Sunday, the 26th of December 1886, by reason of a defect in Elm street, in the city of Biddeford.

The defect and injury described in the plaintiff's notice of claim, were as follows: "My horse stepped upon the grate, crossing the cesspool, at said place, the bars of said grate being so far apart that the horse's foot was wedged between them in such a way that, in endeavoring to extricate it from said grate, the hoof was thrown from the foot, rendering said horse wholly useless.

The defect as described in the declaration was:—"By reason of the rods in the cover of the sewer manhole being so far apart that it was dangerous for a horse to be driven across said cover."

Plea, general issue, with brief statement that the way was not defective; and that plaintiff's negligence was the sole cause of the injury.

*Hamilton and Haley*, for plaintiff.

The facts bearing upon the construction of the grate are unquestioned.

If the accident had been caused by the elevation of the grate in its usual construction or depression, doubtful if it would be a defect in a legal sense; but here it was so constructed that it caught the horse's foot until he fell and his foot was released. *Witham* v. *Portland*, 72 Maine, 541.

Safety and convenience for travellers, their horses, carts and carriages is the rule by which it is to be determined whether or not there be any defect. *Stinson* v. *Gardiner*, 42 Maine, 248.

The accident occurred on Elm street, in the thickly settled part of the city, and the space from curb stone to curb stone constitutes the travelled path; and it is a question of fact whether at that place it was safe and convenient, and the location of the

grate affected the security of travellers. *Bryant* v. *Biddeford*, 39 Maine, 193.

The town is liable for injuries occasioned by obstructions even in a highway though not on the travelled path. *Bryant* v. *Biddeford, supra*; *Dunham* v. *Rackliff*, 71 Maine, 345.

There can be no fixed rule defining proximate cause; must depend on the circumstances in each case. *Spaulding* v. *Winslow*, 74 Maine, 535; *Page* v. *Bucksport*, 64 Maine, 53.

Much depends on the common sense of the thing. *Willey* v. *Belfast*, 61 Maine, 575.

The defect was created by the city. It was not necessary that they should have twenty-four hours actual notice. *Holmes* v. *Paris*, 75 Maine, 559.

The plaintiff had no knowledge of the actual defect in the grate. Surely, a grating over a cesspool leading to a sewer, is not so unusual, in Biddeford, as to attract any particular attention.

The plaintiff was not travelling within the meaning of the R. S., c. 124, § 20, which provides that "whoever travels on the Lord's day, except for works of necessity or charity shall be punished by a fine not exceeding ten dollars."

His wife's sister was at his house to pay a friendly visit. This is not unlawful under the statute, or against public policy. It was not unlawful for her to travel for that purpose. *Barker* v. *Worcester*, 139 Mass. 74, and cases there cited. *Cronan* v. *Boston*, 136 Mass. 384; *Hamilton* v. *Boston*, 14 Allen, 475; *O'Connell* v. *Lewiston*, 65 Maine, 34; *Davidson* v. *Portland*, 69 Maine, 116; *Gorman* v. *Lowell*, 117 Mass. 65.

The act of driving her to her home, at her special request, was not in violation of law. *Crosman* v. *Lynn*, 121 Mass. 301.

His duty to his sister-in-law was not made subservient to his secular business.

The purpose of the statute is only to prevent the carrying on of the usual and ordinary callings and occupations of men, by which they gain a livelihood and acquire property, and the doing of acts such as usually belong to, or are connected with worldly affairs and the common transactions of business. *Burnett* v. *Brooks*, 9 Allen, 118.

If his sister-in-law, Mrs. Lord, was travelling within the meaning of the statutes, it does not necessarily follow that the plaintiff was. There was a moral fitness and propriety in the act. *Com.* v. *Knox,* 6 Mass. 76; *Pearce* v. *Atwood,* 13 Mass. 324; *Flagg* v. *Millbury,* 4 Cush. 243.

Statutes should be equitably interpreted. There must be some flexibility in their interpretation and application to facts, &c. *Holmes* v. *Paris,* 75 Maine, 559.

*E. Stone,* for defendants.

Plaintiff was familiar with the street. He knew there were grates in the ditches. Had seen this one.

Way not defective. *Morse* v. *Belfast,* 77 Maine, 44, and cases cited; *Farrell* v. *Old Town,* 69 Id. 72; *Blake* v. *Newfield,* 68 Id. 365. Cover was in the ditch, outside the way prepared for the public's use.

Injury was caused by accident. *Nichols* v. *Athens,* 66 Maine, 402; *Perkins* v. *Fayette,* 68 Id. 152. Plaintiff's negligence and illegal conduct in travelling on Sunday: *Aldrich* v. *Gorham,* 77 Maine, 287; R. S., c. 18, § 80; *Hinckley* v. *Penobscot,* 42 Maine, 89; *Cratty* v. *Bangor,* 57 Id. 423; R. S., c. 124, § 20; *Tillock* v. *Webb,* 56 Maine, 100; *Smith* v. *B. & M. R. R.,* 120 Mass. 490, and cases cited; *Davis* v. *Somerville,* 128 Mass. 594; *Hall* v. *Corcoran,* 107 Mass. 251.

WALTON, J. As the plaintiff was driving along one of the streets of the city of Biddeford, his horse's foot slipped into the grating covering a cesspool, and the horse was thereby thrown down and so badly injured that it was necessary to kill him. The plaintiff claims that the city is liable for the value of his horse. The city denies its liability.

1. The accident occurred on Sunday. And it is claimed that on this account the plaintiff is precluded from recovering. We think not. It is true that all unnecessary travelling on the Lord's day is prohibited. So are all other kinds of worldly business. And it has been decided that when one receives an injury through a defect in a highway while unlawfully travelling on the Lord's day, a recovery for the injury can not be had. *Cratty* v.

*Bangor*, 57 Maine, 423. But all travelling on the Lord's day is not unlawful. If it was, one could not visit the sick, nor go to church, nor attend a funeral, on that day, without being guilty of a crime. And it was held in *O' Connell* v. *Lewiston*, 65 Maine, 34, that one might lawfully travel on the Lord's day for exercise in the open air. And it was held in *Crosman* v. *Lynn*, 121 Mass. 301, that to go after a domestic on the morning of the Lord's day and bring her home to assist in the preparation of the morning meal was not unlawful. That such an act might properly be regarded as a work of necessity. In this case, a woman had been visiting at the plaintiff's house, and she informed him on the Lord's day that she had got to go home that night. It was in December. The day was cold and windy, and the distance was two miles. He thereupon took his horse and sleigh and was carrying her home at the time of the accident. We do not think the act was unlawful. We think it may be justified on the ground of necessity or as a deed of charity.

2. It is claimed that the way was not defective. We think it was. It had a cesspool in it with an iron cover; and the evidence shows that between one of the outside bars and the rim was a space wide enough to receive a horse's foot; and that such was the width of the space is demonstrated by the fact that the foot of the plaintiff's horse did slip into it, and was there held so fast as to throw him down. And it was with great difficulty that his foot was extricated. And when it was extricated, it was so torn and injured that the horse was ruined and had to be killed. We think the street must be regarded as having a very dangerous defect in it.

3. Another question is whether the city had sufficient notice of the defect. We think it did. It was decided in *Holmes* v. *Paris*, 75 Maine, 559, that when one of the officers of a town to whom notice of a defect may be given, himself creates a defect by placing some object dangerous to travellers within the limits of the highway and leaving it there, the statutory notice of twenty-four hours is unnecessary; that "notice of a fact to a person who already knows the fact can not be useful." And this case falls within the principle of that case. The cover to

the cesspool which created the defect was placed there by a street commissioner of the city. He knew its condition from the beginning, and no other or further notice was necessary.

4. It is claimed that at the time of the accident the plaintiff was not in the exercise of due care. We think he was. It is true that he was not in the middle of the street. He had driven to the side of the street and was near the curbing. But he was properly there. He had reached the end of his journey and was about to stop. Surely he could not be required to leave his horse and sleigh in the middle of the street while stopping. And this was not a road in the country, the sides of which had been left unprepared for travel. It was one of the public thoroughfares of a city over all parts of which a traveller had a right to presume that he could drive with safety. We think the plaintiff was in the exercise of reasonable care.

5. Damages. The plaintiff's horse was so badly injured that, after keeping him nine. or ten days, and finding that a cure was probably impossible, it was deemed advisable to kill him, and he was killed. The evidence satisfies us that he was worth before the injury $150 ; and we think the plaintiff is entitled to recover that amount.

*Judgment for plaintiff for $150 damages.*

DANFORTH, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.