CHARLES B. EATON

*vs.*

ATLAS ACCIDENT INSURANCE COMPANY.

Waldo.    Opinion February 17, 1897.

*Accident Insurance.   Sunday Law.   R. S., c. 124, § 20.*

The plaintiff was thrown from a bicycle, while riding on Sunday, and injured. He rode about six miles to attend the funeral of his friend, and was injured when returning by another road, four miles longer than the direct road to his home.  *Held;* that the act was not prohibited by R. S., c. 124, § 20, relating to the Lord's day; and did avoid a clause of an accident policy which prevents recovery for an injury received "while or in consequence of violating any law."

As the plaintiff, after attending the funeral, returned home by a circuitous route which increased the distance by several miles, *held;* that this was done as a recreation, and for health or pleasure; and brings the claim for compensation within the marginal clause of the policy which provides that, "if the insured be fatally or otherwise injured while engaged for pleasure or recreation in amateur bicycling (not racing or coasting) yachting, fishing or gunning, indemnity will be paid at fifth-class rates as given in the company's latest manual."

The same policy contained a clause, "that for any injury received while doing any act or thing pertaining to any occupation or exposure claimed by the company as more hazardous," the insured should be entitled to receive only such amount as the company pay for such increased hazard.  *Held;* that this clause relates to an occupation, employment or business,—a vocation, and not an avocation, occasional, exceptional, and outside of his usual and regular vocation.

ON REPORT.

This was an action of assumpsit upon a policy of insurance, issued by the defendants to the plaintiff, insuring him against

accidental injuries, to recover twenty-five dollars per week for an injury which wholly and continuously disabled him from transacting any and all of the duties pertaining to his occupation under which he was insured. The plaintiff was injured by being thrown from his bicycle while returning to his home in Belfast from Waldo, where he had been, to attend the funeral of his friend, Sunday, October 28th, 1894. The defendants pleaded the general issue and contended that they were not liable for anything, because the plaintiff at the time he was injured, was traveling on Sunday in violation of law; and that, if they were liable, the amount for which they were liable should not exceed $12.50 per week, because when the plaintiff was injured he was doing an act or thing pertaining to an occupation classed as more hazardous than that under which he was insured. The plaintiff's occupation was a letter carrier.

The case is sufficiently stated in the opinion.

*W. P. Thompson and N. Wardwell*, for plaintiff.

Sunday Law: *Buck* v. *Biddeford*, 82 Maine, 433; *Sullivan* v. *Maine Central R. R. Co.*, 82 Maine, 196; *Cleveland* v. *Bangor*, 87 Maine, 266; *Horne* v. *Meakin*, 115 Mass. 326; *Gorman* v. *Lowell*, 117 Mass. 65; *Cronan* v. *Boston*, 136 Mass. 384; *Doyle* v. *Lynn, etc.*, 118 Mass. 195; *King* v. *Savage*, 121 Mass. 303; *Hamilton* v. *Boston*, 14 Allen, 475; *Barker* v. *Worcester*, 139 Mass. 74; *McClary* v. *Lowell*, 44 Vt. 117.

When the plaintiff in *Duran* v. *Standard Ins. Co.*, 63 Vt. 437, received his injury, he was hunting for pleasure on the Lord's day, in violation of the statute of Vermont, and the court very properly held that he could not recover.

Counsel also cited: *Union Mut. Accident Assoc.* v. *Frohard*, 134 Ill. 228; *North Am. L. and A. Ins. Co.* v. *Burroughs*, 69 Pa. St. 43; *Stone* v. *U. S. Casualty Co.*, 34 N. J. 375; *Miller* v. *Travelers Ins. Co.*, 39 Minn. 548; 2 Biddle on Insurance, p. 89.

*R. F. Dunton*, for defendant.

Counsel argued:—

(1.)  That the policy does not cover plaintiff's injuries because they were received while, or in consequence of, violating a law. (2.)  If it should be held that the plaintiff was not violating any law, then, being engaged in amateur bicycling for recreation or pleasure at the time of the accident, he can only recover twelve and one-half dollars per week.  (3.)  If plaintiff's bicycling was not for recreation or pleasure, then (not being a teacher of bicycling) he can not recover anything, for the policy does not cover bicycling of any other character, the company regarding all other bicycling as too hazardous to insure against, and making no rating therefor.

Sunday law:   *Duran* v. *Standard L. & A. Ins. Co.*, 63 Vt. 437, (25 Am. St. Rep. 773) ;  *Cratty* v. *Bangor*, 57 Maine, 423 ; *Tillock* v. *Webb*, 56 Maine, 100 ; *Hinckley* v. *Penobscot*, 42 Maine, 89.

Counsel also cited :   *Keene* v. *N. E. Mut. Acc. Assoc.*, 164 Mass. 170.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WIS-
WELL, STROUT, JJ.

STROUT, J.   Plaintiff was thrown from a bicycle, while riding on Sunday, and injured.   It is admitted that he was totally disabled from pursuing his vocation for four weeks, and that seasonable and sufficient notice was given the company.   At the time of the injury, plaintiff held a policy of defendant company, insuring him at the rate of twenty-five dollars per week, not exceeding fifty-two weeks, against loss of time resulting from bodily injury which wholly disabled him from transacting any and all of the duties pertaining to his occupation, as stated, being that of a letter carrier. In the margin of the policy it was provided that " if the insured be fatally or otherwise injured while engaged for pleasure or recreation in amateur bicycling (not racing or coasting) yachting, fishing or gunning, indemnity will be paid at 5th class rates as given in the company's latest manual."

It is admitted that if the plaintiff's accident is within this clause

upon the margin of the policy, the amount recoverable is only twelve dollars and fifty cents per week.

The defendants deny liability, under a provision in the policy, that the contract shall not cover an injury received "while or in consequence of violating any law," and strenuously insist that the plaintiff's riding on Sunday was in violation of R. S., c. 124, § 20, relating to the Lord's day.

The plaintiff rode from his home about six miles to attend the funeral of his friend, and returned by another road about four miles greater distance than the direct road home. It has been held that riding to a funeral, or walking or riding for health and exercise, on the Lord's day, does not fall within the prohibition of the statute. It should not be construed to prohibit the doing of those things necessary and suitable to health. *Sullivan* v. *Maine Central R. R. Co.*, 82 Maine, 198. The defense upon this ground is without merit.

The defendants claim that, if liable at all, it is only for twelve dollars and fifty cents per week, that being the amount recoverable, if plaintiff was amateur bicycling for recreation or pleasure, within the marginal clause of the policy. If the plaintiff had ridden to the funeral and returned by the direct route both ways, it might well be held as a work of necessity or charity, and not a riding for pleasure within the marginal clause; nor would it fall within the agreement in the application, which was made part of the policy, "that for any injury received while doing any act or thing pertaining to any occupation or exposure claimed by the company as more hazardous," he should be entitled to receive only such amount as the company pay for such increased hazard. This provision relates to an occupation, employment or business,—a vocation, and not to an avocation, occasional, exceptional, and outside his usual and regular vocation. But it appears that after attending the funeral, plaintiff returned home by a circuitous route, which increased the distance by several miles. The conclusion is irresistible that this was done as a recreation and for health or pleasure; and while not obnoxious to the Sunday statute, does bring the case within the marginal clause of the policy. The plaintiff's claim is

therefore limited to twelve dollars and fifty cents per week for the four weeks of his disability.

The case discloses no ground for interest prior to the date of the writ. At the April term, 1895, defendant offered to be defaulted, for fifty-one dollars, but we are not furnished with the date of writ, and cannot determine whether the amount of the offer of default is equal to or less than the amount plaintiff is entitled to recover. This can be determined below, that proper judgment as to costs may be rendered.

> *Judgment for plaintiff for fifty dollars*
> *and interest from date of the writ.*