STATE *vs.* HENRY BEAUDETTE.

York. Opinion November 25, 1922.

*Under the statutes of this State the possession of intoxicating liquors intended for unlawful sale is an offense, and two methods of procedure are provided, one by complaint, and the other by indictment, and an auxiliatory remedy is also available by search and seizure process. On conviction the punishment is the same, whichever form of prosecution is followed. After prosecution by one method, a prosecution by another, the offense being one and the same, would be in violation of the constitutional provisions, both Federal and State.*

Constitutional assurances, on the part of the Nation and of this State alike, are offended when one is brought into danger of punishment for the same offense more than once.

The statutory provisions inhibiting the possession of intoxicating liquors intended for sale define a single crime and two methods of proceeding.

On exceptions. The respondent was indicted for having in possession intoxicating liquors with intent for sale, and pleaded in bar a former acquittal of the same offense, in a search and seizure process, to which plea the State filed its general demurrer, which was joined by respondent, and sustained by the presiding Justice, the plea being adjudged bad, and respondent excepted. After sustaining the demurrer the respondent was ordered to plead over to the indictment and thereupon pleaded not guilty. Exceptions sustained. Judgment for respondent.

The case is fully stated in the opinion.

*Edward S. Titcomb, County Attorney,* for the State.

*Leroy Haley,* for respondent.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, · DEASY, JJ.

DUNN, J. Possession of intoxicating liquor intended for sale in this State is a misdemeanor. R. S., Chap. 127, Sec. 27. Prosecutions may be by indictment. R. S., Chap. 127, Sec. 40. Or by

complaint; municipal, police, and trial Justice courts having juris-
diction to try and punish. R. S., Chap. 127, Sec. 40. An auxiliatory
remedy, available upon complaint to any subordinate court, is con-
tained in a provision authorizing a not unreasonable first-instance
search for liquor alleged, on a complainant's belief, to be kept with
wrongful intent. If found, the liquor is to be seized and held, pending
decision regarding its forfeiture; while he who is charged as being
guilty of the keeping is required to be arrested and brought to trial.
R. S., Chap. 127, Sec. 29. On conviction, the punishment is the same,
whichever the form of the prosecution. Laws of 1917, Chapter 291.

The Municipal Court in Biddeford issued a search warrant against
a place occupied by one Beaudette. Intoxicating liquors were there
found and seized. Beaudette was arrested, tried, and acquitted.
Subsequently a grand jury indicted him for having had the identical
liquors in his possession. He interposed a plea of former jeopardy.
A demurrer to that plea was sustained. Exceptions were reserved.
Conformably to the court's direction, the respondent pleaded over,
and the trial proceeded to a verdict. R. S., Chap. 82, Sec. 58. Now
the exceptions are argued.

There are instances in the criminal law of two offenses in one
transaction, as operating a factory, inexcusably, on the Lord's Day,
and, in the operating of the factory, then employing children under
a specified age. R. S., Chap. 126, Sec. 35; Chap. 49, Sec. 20. The
purposes of these two statutes are unrelated. The first is designed
to aid in keeping the Christian Sabbath holy. The second is to
guard the young against work in manufacturing or mechancial
establishments. A conviction of one of these offenses would be no
bar to a conviction of the other, because they are entirely distinct.

Regardless of great similarity in the facts, there may be a marked
difference in two crimes. *State* v. *Jellison,* 104 Maine, 281. The
same evidence in both cases may justify the conviction of a husband
for maintaining a liquor nuisance and the prosecution of his wife for
being a common seller of intoxicating liquors. *Com.* v. *Welch,* 97
Mass., 593. The act of maintaining a liquor nuisance is distinct
from that of the illegal possession of liquor, though essentially the
same in origin. *State* v. *Wold,* 96 Maine, 401. So the offense of
keeping a tippling shop and being a common seller of intoxicating
liquors are separate matters. *State* v. *Inness,* 53 Maine, 536. The
same is true of making a single sale and being a common seller of

liquor. *State* v. *Coombs,* 32 Maine, 529; *State* v. *Maher,* 35 Maine, 225. Or of keeping liquor for sale and a sale of the same liquor. *Taylor* v. *State,* (Ga.), 62 S. E., 1048. A person thus tried a second time is not put twice in jeopardy "for the same offense."

Beaudette should not be brought into danger of punishment for the same offense more than once. If, as he set up, he had already been tried and acquitted of the offense, then upon proving that fact, he was entitled to go free from the charge laid against him the second time. U. S. Con., Fifth Amendment; Con. of Maine, Art. 1, Sec. 8. The test to be applied in a situation of this kind is not one of mere evidence; that is, if the same evidence supports both charges. Nor is it whether more proof might come in on a second trial. Rather, it is whether the two offenses are essentially independent; and, hence, distinct.

It would be putting a strain upon language and violating fundamental principles to say that this respondent failed to make proof, not only of his own identity, but, additionally, of the offenses which both prosecutions embraced. There was, to be sure, a slight diversity of circumstances in the two cases. In the first place, the prosecution was upon what, in accustomed phrase, is styled a search and seizure warrant; the attributed crime being that of having possessed the seized liquors illegally. In the indictment there was no reference to a search and seizure. None was necessary. But the offenses remained unchanged in nature,—the unlawful possession of the same liquor, at the same place and time, being the gist in each instance. The statute defines a single crime and two methods of proceeding. One method is by an indictment or complaint seeking nothing else but the punishment of the offender; the other looks to the punishment of the wrong doer and the confiscation of his liquor.

Beaudette must be considered to have been once put in jeopardy, by the trial on the search and seizure process, for the same offense for which he now stands indicted. It would offend constitutional assurances, on the part of the Nation and of this State alike, to presume to prosecute the indictment. *U. S. Con.,* supra; *Con. of Maine,* supra. Therefore this case must go back bearing the entry of

*Exceptions sustained.*
*Judgment for respondent.*