BROWN v. STATE OF WYOMING*

(No. 1385; October 4, 1927; 259 Pac. 810)

Intoxicating Liquor—Criminal Law—Instructions—Appeal and Error—Failure to Instruct as to Single Offense Erroneous—Possession of Liquor Manufactured by Defendant Is Single Offense.

1. In prosecution for violating prohibition law, evidence *held* sufficient to justify jury in finding that defendant was guilty of manufacturing whisky.

2. No error was committed in prosecution for violating prohibition law by not giving instruction on circumstantial evidence, where no such instruction was asked, no exception was taken that none was given.

3. Where reviewing court cannot say that failure of trial court to give certain instruction was, under circumstances, prejudicial, it cannot reverse case because such instruction was not given.

4. In prosecution for violating prohibition law in which defendant was charged with possession and manufacture of liquor, failure to instruct that charges were but single offense *held* erroneous, since defendant might have been convicted for possession of identical whiskey for manufacture of which he was convicted.

5. Where defendant is convicted of manufacturing intoxicating liquor, he cannot, either in same trial or subsequent trial, also be convicted of and punished for possession of identical liquor so manufactured.

*See Headnotes: (1) 33 C. J. p. 758 n. 80; (2, 3) 16 C. J. p. 1059 n. 39; p. 1070 n. 30; 17 C. J. p. 349 n. 93; (4, 5) 33 C. J. p. 618 n. 87 New; p. 791 n. 51 New.

Error to District Court, Natrona County, Bryant S. Cromer, Judge.

Guy Brown was convicted of violating the prohibition law, and he brings error.

*Curran & Cobb,* of Casper, for plaintiff in error.

There was no evidence of unlawful possession or manufacture by defendant. Mere presence of defendant at the time the officers arrived was insufficient without further showing of guilt. The showing, by substantial evidence, was insufficient to support conviction. Gardner v. State, 27 Wyo. 316. The court erred in refusing to instruct as to a single offense, although charged in several counts. State v. Tobin, 31 Wyo. 355; in re Nielson, 131 U. S. 176; Reynolds v. U. S., 280 Fed. 1; Patrilo v. U. S., 7 Fed. (2nd) 804; Morgan v. U. S. 294 Fed. 82. The court erred in refusing to grant a continuance to defendant, the affidavit therefor, being within the requirements of Sec. 6416 C. S.

*W. O. Wilson,* Attorney General, and *James A. Greenwood,* Deputy Attorney General, for defendant in error; *D. J. Howell,* former Attorney General and *John C. Pickett,* former Assistant Attorney General, on the briefs.

Defendant was sentenced on the second and third counts only, and failure to sentence him on the first and fourth counts, was in fact a setting aside of the verdict thereon. 16 C. J. 1282. The ownership and the connection of defendant with the liquor and stills, was a matter for the jury. Bates v. State, 271 S. W. 389; Wisdom v. State, 104 S. 678; People v. Pro, 231 Ill. App. 236; State v. Morris, 279 S. W. 141; Lindsay v. State, 122 S. E. 649; Degregoric v. U. S. 7 Fed. (2nd) 295. Defendant made no objection to the implements, bottles and liquor exhibited to the jury and introduced in evidence. The record does not show that the court was requested, by an offered instruction, to merge certain of the counts. Only jurisdictional matters can be raised after the trial. Soy v. State, 26 Wyo. 381; Richey v. State, 28 Wyo. 117; State v. Grandbouche, 32 Wyo. 88; Konopisos v. State, 26 Wyo. 350. State v. Tobin is not applicable upon the facts. The rule applies when the offenses are the same in law and in fact. In re Nielson,

131 U. S. 176, and cases cited. Moreover, the rule is not universally followed. Thomas v. City, 145 N. E. 550; Comm. v. Lewandowski, 146 N. E. 780; State v. Ford (Kan.) 232 Pac. 1023; State v. Wilson, (Wash.) 227 Pac. 850; State v. Salter, (Me.) 256 S. W. 1070. The cases are thoroughly considered in State v. Marchindo, 211 Pac. (Mont.) 1093. If it be determined that the counts should be merged, the judgment may be modified. State v. Sorrentino, 31 Wyo. 129; State v. Tobin, 31 Wyo. 355. The affidavits presented in support of the motion for continuance did not show that the defendant had made any attempt to get depositions or issue subpoenas to obtain the attendance of absent witnesses, and were, therefore, insufficient. Sec. 6416 C. S.; Keffer v. State, 12 Wyo. 49; State v. Robinson, 18 Wyo. 216; Chapman v. Bank, 26 Wyo. 138.

BLUME, Chief Justice.

The defendant, petitioner in error herein, was convicted of violating the prohibition law, and he brings error.

1. The information in this case contained four counts, charging the defendant in the first count with keeping intoxicating liquor for sale; in the second count with unlawful possession of intoxicating liquor; in the third count with unlawfully manufacturing intoxicating liquor; and in the fourth count with maintaining a liquor nuisance. The jury found the defendant guilty on all four counts, but the trial court sentenced the defendant only upon the second and third counts, thus eliminating the first and the fourth counts from consideration. The sentence imposed on each the second and third counts was imprisonment of ninety days and a fine of $250, the sentences for imprisonment to run concurrently.

There is but little dispute in the facts, the only testimony in the case having been offered by the State. On March 13, 1924, the deputy sheriff of Natrona County, in

company with other men, went to a garage in the city of Casper situated close to the dwelling of the defendant, plaintiff in error herein. The garage contained a concealed door connecting with a shaft leading to a basement under the garage. This basement was about fifteen feet in width, about forty feet long and about ten feet high, fully equipped with two stills for the manufacture of intoxicating liquor. At the time in question the defendant was found in this basement, alone, his actions giving rise to the suspicion that he was in charge. The light in the basement was connected by a wire with defendant's house and was controlled by a switch behind his kitchen range. Defendant made a statement that the still which was found cost him $5,000 and that "it would break him." When, at the time in question, he was found by the deputy sheriff and his men, one of the stills was still hot, with a large quantity of whiskey running therefrom. Other whiskey, already manufactured, was found in the basement. It is clear from these undisputed facts that the claim of counsel for defendant, that there was not sufficient evidence to justify the jury in finding that the defendant had anything to do with the manufacture of whiskey in the basement in question, is without merit. Nor was any error committed in the case by not giving an instruction on circumstantial evidence. No such instruction was asked, no exception was taken that none was given, and, without determining as to whether the case is one of circumstantial evidence at all or not, we are clear that the action of the court was, under the circumstances, without prejudice, and hence we cannot, in accordance with Gardner v. State, 27 Wyo. 316, 196 Pac. 750, reverse the case because such instruction was not given by the court.

2. It is further argued that the court erred in failing to instruct the jury that the charges in the various counts of the information were but a single offense. Inasmuch as the

defendant was not sentenced upon either the first or the fourth count, we need to consider this matter only in connection with the second and third counts. The law seems to be well settled, or at least the weight of authority seems to be, and it is in consonance with the plain dictates of reason and justice, that where a defendant is convicted of manufacturing intoxicating liquor, he cannot, either in the same trial or a subsequent trial, also be convicted of and punished for the possession of the identical liquor so manufactured. Dexter v. United States, 12 Fed. (2nd series) 77; Patrilo v. United States, 7 Fed. (2nd series) 804; Tritico v. United States, 4 Fed. (2nd series) 664; Morgan v. United States, 294 Fed. 82; Reynolds v. United States, 280 Fed. 1; Moore et al. v. State, (Okla. Cr.) 240 Pac. 153; Savage v. State, 18 Ala. App. 299, 92 So. 19; Rossman v. United States, 280 Fed. 950; Estop v. State, 11 Okla. Cr. 103, 143 Pac. 64; Barton v. State, (Okla. Cr.) 222 Pac. 1019; see also People v. Cook, 236 Mich. 333, 216 N. W. 296; State v. Clark, (Mo. App.) 289 S. W. 963; Coon v. State, 97 Tex. Cr. App. 645, 263 S. W. 914; State v. Beaudette, 122 Me. 44, 118 Atl. 719; State v. Tobin, 31 Wyo. 355, 226 Pac. 681. Intoxicating liquor already bottled was found in the basement of the garage at the time above mentioned. This consisted not only of whiskey but apparently also of some other intoxicating liquor. The court, in its instruction, however, limited the consideration of the jury to whiskey. It does not appear, whether the whiskey so found was the whiskey for the manufacture of which the defendant was convicted herein, so as to make the rule above mentioned applicable. But under the instruction of the court, the defendant might have been convicted of the possession of the identical whiskey for the manufacture of which he was convicted. This was error. We find no error in the record in other respects.

It is accordingly ordered that the conviction and the sentence under the second count be set aside, but that the judgment in all other respects be affirmed. It is so ordered. The State may retry the defendant on the second count, if it so desires.

*Modified and Affirmed.*

POTTER, J., and KIMBALL, J., concur.