STATE v. WILLIAMS█
(No. 1468; May 8, 1928; 266 Pac. 1056)

Before KIMBALL and RINER, Justices, and ILSLEY, District Judge.

*C. G. Cypreansen,* for defendant and appellant.

342

*W. O. Wilson,* Attorney General, *James A. Greenwood,* Deputy Attorney General, and *John Dillon,* Special Assistant Attorney General, for plaintiff and respondent.

ILSLEY, District Judge.

The defendant Williams was arrested, tried and convicted upon an information containing two counts, one of which charged possession and the other manufacture of intoxicating liquor.

Defendant complains that the motion to quash the warrant of arrest should have been sustained; that the warrant was a "bench warrant" and as such could only be issued by the court or by the court's order, and that inasmuch as it was issued by the clerk without an order of the court therefor, it was a bad warrant and not legally issued. Counsel in his brief devotes considerable space to discussing the common law bench warrant. It is true that the words "bench warrant" appear upon the face of the warrant of arrest. They may, however, be treated as surplusage, because it appears that the warrant was issued under the authority of the statute (Section 7432, Wyo. C. S. 1920), giving the clerk of the District Court authority to issue such a warrant. State v. Sureties of Krohne, 4 Wyo. 351. We think the warrant was good, and issued according to law.

Defendant next complains that no offense was charged in the information as to the possession of intoxicating liquor, contending that there is no penalty provided for such an offense in Chapter 117, Session Laws of 1921. Counsel for defendant evidently overlooked Section 27 of that Act as amended by Chapter 128, Session Laws of 1925, which provides:

"Any person * * * who * * * violates any of the provisions of this act for which offense a special penalty is not prescribed, shall upon conviction be fined for a first offense not less than two hundred dollars, nor more than one thousand dollars, or imprisoned not exceeding ninety days, or both; * * *."

Defendant asserts that the court erred in not permitting evidence of defendant's good character to be introduced. The trial court did not permit the introduction of such testimony for the reason, shown in the record, that no proper foundation was laid. The witness Tim Hurley was called, and stated he knew Williams three years, the witness living in Casper and the defendant living at Snyder, adjoining Salt Creek some forty miles distant. That the witness had met defendant about a dozen times, had never talked to anyone about the defendant, never heard his reputation discussed, or talked with anyone about it. Another witness, produced for the same purpose, showed no greater knowledge. We think the trial court was right in refusing to admit the testimony of the witnesses. Surely it was proper for the witnesses to so qualify themselves that their testimony on the subject of character would be proper testimony to be considered by the jury. We do not understand from the record that the defendant was refused the right to show his good character as a law-abiding citizen, but rather that the trial judge ruled that the witnesses offered were not qualified to testify on the subject. We think that the extent of the preliminary inquiry to show the knowledge of the witness is left to the sound discretion of the trial court.

"Before a witness can testify as to the reputation of a person he must have adequate knowledge in regard thereto. His personal opinion concerning it is inadmissible. It is common practice for the party producing the witness to make preliminary inquiries in reference to his opportunities for acquiring that knowledge. This practice is not objectionable but it is generally regarded as unnecessary, a simple question propounded to the witnesses as to whether he knows the reputation in question being sufficient, *unless the presiding judge in his discretion directs further inquiries.* The form of such question is not important, if it brings out the fact of the knowledge of the witness in regard to the reputation of the particular person in the community in which he may be assumed to have gained a reputation." Chamberlayne, Modern Law of Evidence, Sec. 3315.

In the case at bar, the preliminary inquiries of the witnesses did not show that they knew the reputation of the defendant in the community in which he lived.

"The court may  *  *  *  decline to receive evidence the probative value of which would be slight." 22 C. J. 479.

See also Waddingham v. Hulett, 92 Mo. 533; Underhill's Criminal Evidence, page 179; Lomax v. United States, 37 App. Cas. D. C. 414; State v. Todd, (N. M.) 214 Pac. 899; Peeples v. State, 103 Ga. 629; State v. Grinden, 91 Ia. 505; Conkey v. People, 1 Abb. Dec. (N. Y.) 418.

We therefore see no error in excluding the testimony as offered.

The jury convicted the defendant upon Count 1 for unlawfully possessing intoxicating liquor, and also upon Count 2 for unlawfully manufacturing intoxicating liquor. The evidence shows that the officers found the defendant in a tar-paper shack near a still in full operation, manufacturing intoxicating liquor. The whiskey was dropping in a crock, and nearby a keg was found, containing two and one-half gallons of same kind of liquor. This court has announced that:

"Where a defendant is convicted of manufacturing intoxicating liquor, he cannot, either in the same trial or a subsequent trial, also be convicted of and punished for the possession of the identical liquor so manufactured." Brown v. State, (Wyo.) 259 Pac. 810.

In view of the facts in this case, where it appears that the liquor in the keg may have been some of the liquor manufactured, and that the court failed to instruct the jury on the principles set forth in Brown v. State, supra, the defendant may have been convicted of possessing and manufacturing the same whiskey, and we must hold that the conviction on Count 1 for possession should be set aside. We think the evidence sufficient to sustain a conviction on Count 2 for the manufacture of intoxicating liquor. It is therefore

ordered that the conviction and sentence under Count 1 be set aside and that the judgment and sentence in Count two be affirmed.

*Modified and Affirmed.*

KIMBALL and RINER, JJ., concur.