MYRON S. HERRICK
*vs.*
STATE OF MAINE

Knox.    Opinion, December 20, 1963.

*Christopher S. Roberts*, for Plaintiff.

*John W. Benoit, Asst. Atty. Gen.*, for State.

SITTING: WILLIAMSON, C. J., TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ. WEBBER, J., did not sit.

MARDEN, J.   Upon writ of error reported from the Superior Court.

To an indictment under the provisions of Section 11, Chapter 133, R. S., as amended, the pertinent portions of which read as follows:

> "The Grand Jurors for said State upon their oath present that Gerard L. Freve and Harold S. Soper, * * * and Alton G. Harrington and Myron S. Herrick, * * * feloniously, designedly and with intent to defraud did falsely pretend to one Ada M. Durell that certain repairs were necessary on the roof and chimney of the home of said Ada M. Durell, there situate, and that they, the said respondents, had performed certain labor and furnished certain materials, and would perform certain labor and would furnish certain materials, all for the repair of said roof and chimney, and that all of said repair and materials performed and furnished and to be performed and furnished as aforesaid had an aggregate value of six hundred fifty dollars, which was then and there due and owing to the said respondents from the said Ada M. Durell, whereas in truth and in fact the said repairs were not necessary as represented by said respondents, and the said respondents had not performed and furnished and did not intend to perform and furnish any labor and materials for said repairs of the aggregate value of six hundred fifty dollars, or even ap-

proaching that aggregate value, but did perform and furnish and intended to perform and furnish labor and materials for said repairs of an aggregate value not exceeding two hundred dollars, all of which the said respondents then and there well knew, * * *,"

with further usual allegations that the representations were made with intent to defraud, that Ada M. Durell believed the representations, relied upon them, was deceived and did pay to the respondents six hundred fifty dollars, the petitioner entered a plea of guilty and was sentenced. By petition for writ of error he now contends that the indictment charges no crime and seeks to have his conviction and sentence "reversed, recalled and corrected." The indictment is to be tested as though challenged by demurrer.

Petitioner urges that the indictment purports to charge two false pretenses of fact, —

(1) That certain repairs were necessary on the roof and chimney of the home of said Ada M. Durell * * * whereas in truth and in fact the said repairs were not necessary.

(2) That the respondents had performed and would perform labor and had furnished and would furnish materials for repairs of the value of six hundred fifty dollars, whereas in truth and in fact they had not and did not intend to so perform and furnish repairs of the value of six hundred fifty dollars, but had and did accomplish repairs not exceeding two hundred dollars in value.

That these representations were made with an intent to defraud and that Ada M. Durell was defrauded is not in issue.

"A false pretense is such a fraudulent representation of an existing or past fact, by one who knows

> it not to be true, as is adapted to induce the person to whom it is made to part with something of value." Bishop, Criminal Law 9th Ed. § 415, ¶ 3 (Vol. 2).

To this common law definition embodied in our statute has been added, "A promise if unconditional and made without present intention of performance, will constitute a false pretense * * *".

If any one of several pretenses are of fact falsely made with intent to deceive, the indictment is good and there is no error. *State* v. *Dunlap*, 24 Me. 77, 78; *State* v. *Smith*, 324 S. W. (2nd) 702, 706 [2, 3] (Mo. 1959); *Whitaker* v. *State*, 75 S. E. 258, 260 [6] (Ga. 1912).

In contending that the indictment pleaded no false representations of fact within the provisions of the reference statute it is urged that the allegation that repairs were "necessary" was only an expression of opinion, and as such could form no basis for a criminal charge. Wharton's Criminal Law & Procedure, § 591, *State* v. *Deschambault*, 159 Me. 216, 218, 191 A. (2nd) 119, and on the civil side in deceit, *Shine* v. *Dodge*, 130 Me. 440, 443, 157 A. 318.

As to the second allegation, if we understand petitioner's position correctly, it is argued that charging six hundred fifty dollars for two hundred dollars worth of work is in itself no crime, under the principles of *caveat emptor*.

### ALLEGATION AS TO NECESSITY OF REPAIRS

> "The word 'necessary' must be considered in the connection in which it is used, as it is a word susceptible of various meanings. It may import absolute physical necessity or inevitability, or it may import that which is only convenient, useful, appropriate, suitable, proper, or conducive to the end sought. * * * It * * * may express mere convenience or that which is indispensable * * *. * * * (I)ts

force and meaning must be determined with relation to the particular object sought, and is a relative and comparative term, depending upon its application to the object sought, * * *." *Kay County Excise Board* v. *Atchison, T. & S. F. Ry. Co.,* 91 P. (2nd) 1087, 1088 (Okla. 1939).

To the same effect *Illinois Bell Telephone Company v. Fox, et al.,* 85 N. E. (2nd) 43, 51 [12, 13] (Ill. 1949); and as illustrated in *Cushing* v. *Gay,* 23 Me. 9, 16 (indispensable); *Sullivan* v. *Maine Central Railroad Company,* 82 Me. 196, 198, 19 A. 169 (proper); *Buck* v. *Biddeford,* 82 Me. 433, 437, 19 A. 912 (appropriate); *Cleveland* v. *Bangor,* 87 Me. 259, 266, 32 A. 892 (propriety); *Eaton* v. *Atlas Accident Insurance Company,* 89 Me. 570, 573, 36 A. 1048 (suitable); *State* v. *Conwell, Jr.,* 96 Me. 172, 173, 51 A. 873 (conducive to the end sought); *State* v. *Beaudette,* 122 Me. 44, 46, 118 A. 719 (indispensable), and in *Webster, et al.* v. *Seekamp, et al.,* 4 Barn. & Ald. 352 such repairs as a prudent owner would order. See also Webster's Third New International Dictionary and 65 C. J. S. Necessary p. 266.

> "The mere expression of an opinion *which is understood to be only an opinion* (emphasis added) does not ordinarily render the person expressing it liable * * * for obtaining property by false pretenses, at least where the opinion expressed is upon a matter concerning which a difference of opinion is likely to arise. * * * *But, if one knows an opinion to be erroneous, the matter is as to him, not an opinion, but a subsisting fact; and, if he makes a statement contrary to what he knows to be the fact, he should not be allowed to escape the consequences on the theory that his statement concerns a matter of opinion.*" (Emphasis added). 22 Am. Jur., False Pretenses, § 15.

See also *State* v. *Grady,* 111 So. 148, 149 [2-4] (Miss. 1927); *Whatley* v. *State,* 31 So. (2nd) 664, 666 [2, 3] (Ala. 1947) dictum; *People* v. *Gordon,* 163 P. (2nd) 110, 123

[26-31] (Dist. Ct. of Appeal, Cal. 1945) ; and *Williams* v. *State,* 83 N. E. 802 (Ohio 1908).

In *Thompson* v. *Phoenix Insurance Co.,* 75 Me. 55, 61, a case of deceit, the distinction is made between the falsehood of stating one opinion when the speaker held another and putting a statement in the form of an opinion when the speaker had positive knowledge to the contrary, the latter being actionable.

Further "if a seller * * * possesses or assumes to possess superior knowledge of the property and asserts it to his vendee who has not had equal opportunity to gain such knowledge, his asserted opinion may be equivalent to an affirmation of fact and therefore actionable fraud." *Gordon, supra* at pp. 123-124 [26-31].

For the allegation that "repairs were necessary" on the Durell roof to be held inadequate as a false pretense it would require determination that the statement was expressed as an opinion and subject it to the law recited above, or hold that the statement that "repairs were necessary" on the Durell roof was, as a matter of law, an expression of opinion.

We have no basis for finding that the statement of "necessity" was expressed as an opinion,— "In our opinion repairs are necessary on your roof." If such statement as was made were not an opinion in its express terms, the word "necessary" could have meant one of many things, — that repairs were indispensable, proper, appropriate or conducive to good husbandry, and that such statement represented that the condition of the Durell roof was factually such that repairs were demanded by a requirement ranging from prudence to indispensability, which condition is negated.

It can be inferred from the indictment that some one, or all, of the respondents had already been or done work on

the Durell roof, that they were in a position to know the conditions, which then and there existed and in whatever sense they used the word "necessary" the indictment charges a false statement of condition, quality, of existing fact. *State* v. *Stanley*, 64 Me. 157, 159.

It cannot be held that the challenged statement was by its nature an expression of opinion as a matter of law.

> "Where one represents as true a thing which he knows not to be true, such a representation falls within the statute, even though in some situations the truth or untruth of the statement might be a matter of opinion." 35 C. J. S., False Pretenses, § 11.

See *People* v. *Staver*, 252 P. (2nd) 700, 704 [4, 5] (Cal. Dist. Ct. of Appeal 1953); and *Holton* v. *State*, 34 S. E. 358, 360 (Col. 1) (Ga. 1899).

Whether the statement were an expression of opinion, by its nature or under the circumstances peculiar to this case rather than its specific phrasing, is a jury question.

> "There is a point at which mere opinion ends and fact begins. * * * Plainly the test must be the common sense of judge and jury, applied to the special facts of the case." *Bishop, supra,* § 429, ¶ 10.

It is so held in the companion field of civil deceit *Thompson, supra,* at p. 60; *Hotchkiss* v. *Bon Air Coal and Iron Company*, 108 Me. 34, 44, 78 A. 1108; *Ross* v. *Reynolds*, 112 Me. 223, 226, 91 A. 952; and *Shine, supra,* at p. 444. And generally "the sense in which they (the representatives) were used" is for the jury. *People* v. *Blanchard*, 90 N. Y. 314, 320 (1882).

The jury question on this issue has been resolved by the plea of guilty.

## ALLEGATION AS TO WORK AND MATERIALS

What has been said as to a pretense of "necessity" as an opinion applies also to a statement of value. In substance the second allegation in this indictment says that the accused persons represented that they had and were intending to supply to the complainant materials and labor worth $650.00 when in truth they knew that they had not supplied and did not intend to supply materials and labor worth more than $200.00 and so knowing made it a false pretense within the terms of our statute.

Whether a statement as to value is opinion or a false fact depends on the circumstances. If made with the design that it shall be acted upon as a statement of existing fact it may be so regarded. 22 Am. Jur., False Pretenses, § 16; 35 C. J. S., False Pretenses, § 14; *State* v. *Nash*, 204 P. 736, 739, [3] (Kan. 1922) ; *Grady, supra,* at p. 149; and *Williams, supra,* at p. 803. "Though value rests upon opinion, it is a fact, and one constantly found by juries." *Commonwealth* v. *Coshnear*, 194 N. E. 900, 903 (Col. 1) (Mass. 1935).

Here also the plea answers the jury question.

It is contended that the principles of *caveat emptor* prevent, as a matter of law, this allegation of value of work and materials supplied and to be supplied being a reliable representation.

Upon an inference properly drawn from the indictment, the respondents had begun work on the Durell roof and were either employees of, or independent contractors for, Ada Durell when the alleged false pretenses were made.

Where a confidential relationship could be found to exist between the complainant and the accused the ordinary doctrine of "puffing" does not apply if there is an intent to defraud. *Commonwealth* v. *Stuart*, 93 N. E. 825, 827, Par. 6

(Mass. 1911) ; *Nash, supra,* at p. 738 [1, 2] and the following civil cases having to do with deceit consider the relationship between the complainant and the accused as pertinent and that the rule of *caveat emptor* should have no application. *Fourth Nat. Bank in Wichita* v. *Webb, et al.,* 290 P. 1, 3 (Kan. 1930) and to the same point without using the term *caveat emptor* see *Melgreen* v. *McGuire,* 327 P. (2nd) 1114, 1118 [4] (Ore. 1958) ; and *Shepherd* v. *Woodson,* 328 S. W. (2nd) 1, 6 [5] (Mo. 1959).

> A "confidential relationship" exists when one has gained the confidence of the other and purports to act or advise with the other's interest in mind. *Thorne* v. *Reiser,* 60 N. W. (2nd) 784, 788 [7, 8] (Iowa 1953). See also *Peoples First National Bank and Trust Company* v. *Ratajski,* 160 A. (2nd) 451, 454 [6] (Pa. 1960) and *Anderson* v. *Lybeck,* 154 N. E. (2nd) 259, 262 [1-4] (Ill. 1958).

When the misrepresentation is the basis of a criminal charge the doctrine of *caveat emptor* has no application. *People* v. *Bennett,* 264 P. (2nd) 664, 668 [1, 2] (Cal. Dist. Ct. of Appeal 1953) ; *Nash, supra,* at p. 738 [1, 2] and we have held in *Pelkey* v. *Norton,* 149 Me. 247, 250, 99 A. (2nd) 918 (deceit) that it gives no relief from intentional misrepresentation.

Petitioner argues that *State* v. *Binette,* 159 Me. 231, 190 A. (2nd) 744, is decisive of the issues here presented. We do not agree. *Binette* raised questions of pleading not here involved.

Neither of the representations pleaded and dealing with necessity and value can be held as a matter of law to be expressions of opinion. The sense in which the alleged statements were used and understood by the complainant

presents jury problems, which problems were resolved by the plea. There is no error.

*Writ dismissed.*

*Conviction and sentence affirmed.*