William J. GAMBLIN

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Sept. 14, 1971.

Richard C. Engels, Presque Isle, for plaintiff.

Garth K. Chandler, Asst. Atty. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER, POMEROY and WERNICK, JJ.

POMEROY, Justice.

This post-conviction habeas corpus attacks a judgment which resulted from a guilty plea to an indictment charging the crime of cheating by false pretenses. 17 M.R.S.A. 1601.

Following the adjudication of guilt, the Petitioner was sentenced to serve not less than 3½ years and not more than 7 years in the Maine State Prison.

Execution of his sentence was suspended and he was placed on probation for a term of 2 years. A short time later he was found to have violated his probation, thus bringing about its revocation. He was thereupon committed to prison in execution of his sentence. No complaint is made as to the regularity of the probation revocation proceedings.

The habeas corpus (post-conviction) petition is directed entirely at the entry of judgment following his plea of guilty.

The record shows the petition was filed *pro se* and attacked only the sentencing procedure.

The Court found the Petitioner to be indigent and appointed counsel. There followed an amendment to the petition, the allegations in which attacked the sufficiency of the indictment.

Issue was thereupon joined.

At the hearing on the petition, it was agreed by Petitioner and his Court-appointed counsel the issues presented were of law and no testimonial evidence was necessary.

·By agreement, the transcript of the proceedings at the time the Petitioner entered his guilty plea and was sentenced, was placed in evidence for consideration by the single Justice. After Findings and Judgment adverse to the Petitioner, he appealed. Again counsel was appointed to prosecute his appeal.

We must deny the appeal.

By his Points of Appeal the Appellant urges:

(1) The Court erred in not holding that the indictment was insufficient as a matter of law.[1]

(2) The Court erred in not finding that as a matter of law the Appellant's sentencing procedure was so impregnated with fundamental unfairness that his current sentence, even though within permissible limits, was in violation of due process.

(3) The Court erred in not finding that the Appellant's plea was taken in violation of Maine Rule of Criminal Procedure No. 11, and that said plea was not voluntarily given.

---

1. The indictment alleges in part that William Gamblin, " * * * feloniously, designedly, and with intent to defraud, did falsely pretend to one Aleta Littlefield, * * * that a certain instrument in writing * * * purporting to be a bank check and order drawn on the Northern National Bank of Presque Isle and signed by one Earlon Sprague, and indorsed by said William Gamblin, for the sum of *Fifty-seven Dollars and Seventy-five Cents,* was then and there a good and available bank check and order for the payment of the said sum of *Fifty-seven Dollars and Seventy-five Cents,* and that the said Earlon Sprague then and there had sufficient money on deposit with the said Northern National Bank of Presque Isle for the payment of said bank check, * * * whereas in truth and in fact the said instrument in writing was not then and there a good and available bank check and order for the payment of said sum of *Fifty-Seven Dollars and Fifty-seven Cents,* but was wholly worthless, and the said Earlon Sprague did not then and there have on deposit with the said Northern National Bank of Presque Isle sufficient money for the payment of said check nor any money whatsoever, all of which the said William Gamblin then and there well knew." (Emphasis supplied)

■ The error in the indictment complained of is that the amount of the check is stated in the last clause of the indictment as $57.57 instead of $57.75. The Petitioner claims that this error voids the part of the indictment which denies the truth of the pretenses. The indictment would, therefore, be insufficient for failing to allege a necessary element: that the alleged pretenses were false and fraudulent. State v. Kerr, 117 Me. 254, 103 A. 585 (1918).

"[I]f the meaning of an indictment is clear so that the accused is thereby informed of the precise charge which he is called upon to meet, verbal inaccuracies grammatical, clerical, or orthographical errors, which are explained and corrected by necessary intendment from other parts of the indictment, are not fatal. In other words, an indictment is not vitiated by a clerical or typographical slip the correction of which is furnished by the context."

State v. LaFlamme, 116 Me. 41, 99 A. 772 (1917).

The error in the indictment is an obvious one. It is easily corrected by necessary intendment from other parts of the indictment. The meaning of the indictment, taken as a whole, is clear.

The amount of the check appears correctly in the indictment three times. The erroneous figure is prefaced by the words *"said sum."* It is clear that this was meant to refer back to the correct amount of $57.75 stated three times previously and not to allege a different amount.

■ The indictment also alleges that the Petitioner falsely pretended that,

"the said Earlon Sprague then and there had sufficient money on deposit with the said Northern National Bank of Presque Isle for the payment of said bank check,"

and that the check was

"wholly worthless, and the said Earlon Sprague did not then and there have on deposit with the said Northern National Bank of Presque Isle sufficient money for the payment of said check nor any money whatsoever,"

In Herrick v. State, 159 Me. 499, 196 A. 2d 101 (1963), it was said:

"If any one of several pretenses are of fact falsely made with intent to deceive, the indictment is good and there is no error."

The indictment sufficiently charges the Petitioner with cheating by the false pretense that Earlon Sprague had sufficient money in the bank for payment of the check.

The Petitioner argues that the indictment is also insufficient because it fails to allege:

1) the amount of money that Aleta Littlefield was induced to deliver by means of the false pretenses alleged;

2) by whom the bank check and order was drawn;

3) that the Northern National Bank of Presque Isle was a corporation existing by law.

■ The first two points are sufficiently alleged in the indictment. It is not necessary to allege the third point.

The indictment adequately informs a defendant of reasonable and normal intelligence of the crime charged and the nature thereof. State v. Charette, 159 Me. 124, 188 A.2d 898 (1963).

The Petitioner's attack on the sufficiency of the indictment must fail.

The record shows the Petitioner and his companion, who had also entered a guilty plea, were sentenced in the same proceeding.

During a discussion with the Court, the Appellant told in detail how the crime was committed. He also revealed a rather extensive criminal record which had resulted

in his confinement, both in the Men's Correctional Center and in the State Prison.

Despite the fact that he had twice violated parole, the Presiding Justice made it evident on the record he felt there were circumstances in the Petitioner's life which justified granting probation.

It appeared the Court was influenced substantially by the attitude and conduct of the Petitioner's wife. Finally this colloquy took place between the Presiding Justice and the two defendants, one of whom is this Petitioner:

"THE COURT: Well, it seems to me we have either reached the end of the rope or we have started a new way. Now I realize this is probably a ridiculous question to ask you, probably the answer is obvious. If you were given a 1 to 3 or whatever it is you would serve about 9 months before you would be out on parole, wouldn't you? If you were given a 3½ to 7 and put on probation and violate, you will serve almost three years, if you violate it, won't you?

MR. SPRAGUE: (Nods head.)

MR. GAMBLIN: (Nods head.)

THE COURT: Which would you rather do?

MR. SPRAGUE: I would rather take the longer sentence suspended.

THE COURT: Well Mr. Sprague has been heard from. How about you, Mr. Gamblin?

MR. GAMBLIN: 3 to 7, Your Honor.

THE COURT: Now you remember what you are saying. There are going to be no tears shed if you violate probation; is that understood?

MR. SPRAGUE: Yes, sir.

MR. GAMBLIN: Yes, sir."

Unfortunately, the Petitioner soon violated the terms of his probation and, after hearing, was committed to prison.

He now complains:

First, that the Court did not give him an opportunity to consult with his counsel after the Court offered a choice between probation and a long sentence or a short sentence with no probation.

Second, that he did not agree to the sentence imposed, but rather in his words "being a horse trader at heart countered with an offer of his own 3 to 7."

■ We consider this point raised by the Petitioner to be frivolous and entirely without merit.

As the Justice below found, the sentencing Justice most certainly was not abdicating his responsibility to determine the sentence to be imposed. He was obviously attempting to determine the Petitioner's reaction so that he could better evaluate the possibility of a successful probation being served.

The responsibility of a Presiding Justice who has a convicted felon before him for sentence, is an awesome one. Within the limits imposed by statute, he must decide whether such convicted felon must be removed from the community and be confined within the walls of an institution, or be permitted to serve his sentence outside such walls and in the community, subject only to the supervision of a probation-parole officer.

To make this judgment he must not only know the details of the prisoner's past criminal involvement as appears from cold records, but he must know as much about the prisoner and his attitude as can be gleaned from direct communication. This is one of the major benefits of allocution. Maine Rules of Criminal Procedure, Rule 32.

The practice of soliciting information from the prisoner, not only as to the crime of which he stands convicted, but as to his personal life, his reaction to the situation in which he finds himself and his attitude as to his place in and responsibility to society, is to be encouraged.

Often the best method to determine that the prisoner is an acceptable probation risk is to have free and candid discussion with him after conviction and prior to sentence.

If the prisoner consulted his counsel before answering questions during this exchange, the questioning could not accomplish the purpose the Presiding Justice intended.

Sound judicial policy militates against participation by the prisoner's counsel during such discussion between the prisoner and the Court.

In a brief filed separately from that of his Court-appointed attorney, the Petitioner argues before this Court there was a violation of Rule 11 of the Maine Rules of Criminal Procedure at the time of sentence.

We do not consider this point, it having been raised for the first time before this Court. Frost v. Lucey, Me., 231 A.2d 441, 445 (1967); Lumsden v. State, Me., 267 A.2d 649 (1970).

The entry must be,

Appeal denied.

WEATHERBEE and ARCHIBALD, JJ., did not sit.