GEORGE W. ROSS *vs.* FOSTER S. REYNOLDS.

Washington.    Opinion October 8, 1914.

*Admissibility of Letter.    Deceit.    Exceptions.    False Representations.*
*Inducement.    Sale.*

1.  To secure the reversal of a ruling, on exceptions, it is necessary to show not only that the ruling was erroneous, but that it was prejudicial.

2.  When the terms of an oral contract are in dispute, it is proper, as a general rule, to let in the whole conversation concerning the contract, and the various negotiations leading up to it.

3.  When a question asked of a witness is objected to, and is ruled to be admissible but no answer is made, exceptions are not sustainable.

4.  The mailing of a letter properly addressed is prima facie evidence of delivery by due course of mail to the addressee.

5.  A letter written by one party to a controversy to the other, touching the subject matter of the controversy may be admissible, although in a sense self-serving, and although it evoked no reply.

6.  The fact that a witness for one party has been recently in litigation with the other is admissible to show bias or prejudice in the witness.

7.  A representation made as an inducement in the sale of an automobile, as to its age or the length of time it has been in use, is material in an action for deceit.

8.  A representation made as an inducement in the sale of an automobile, that it is in good running order, may be the expression of an opinion, or it may be a statement of fact.    If the latter, it is actionable.

On motion and exceptions by the defendant. Motion and exceptions overruled.

This is an action for deceit in the sale of an automobile. Plea, general issue. The jury returned a verdict for the plaintiff of $309.70. The defendant had several exceptions to the admission and exclusion of evidence, which are specifically considered in the opinion. Defendant also filed a motion for a new trial.

The case is stated in the opinion.

*H. E. Saunders, W. R. Pattangall, R. J. McGarrigle,* for plaintiff.

*J. H. Gray,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HANSON, PHILBROOK, JJ.

SAVAGE, C. J. Action for deceit in the sale of an automobile. The verdict was for the plaintiff, and the case comes up on the defendant's exceptions and motion for a new trial.

In his writ the plaintiff alleged that the defendant in making the sale to him deceived him in three respects, namely, that he said the car had not been in use for more than a year, and that it was in good running order and condition, and that the defendant agreed that he would give the car a thorough overhauling and put it in first class shape. The presiding Justice properly ruled that no recovery could be had in this case for failure to keep this agreement.

The exceptions are eight in number and relate to the admission and exclusion of evidence.

1. The plaintiff testified that in one of the conversations he had with the defendant relative to the purchase of the car, the defendant suggested that he make a trade with a Mr. Calkins with regard to the security to be given. Exception was taken to the admission of this testimony. This evidence may not be relevant to the issue of deceit, but it is not perceived how it can be regarded as prejudicial. To secure the reversal of a ruling, on exceptions, it is necessary to show not only that the ruling was erroneous, but also that it was harmful. *Bath* v. *Reed,* 78 Maine, 276. Besides, when the terms of an oral contract are in dispute, it is proper, as a general rule, to let in the whole conversation concerning the trade, and the various negotiations leading up to the trade. Though much that is said may not bear directly upon the disputed points, it may nevertheless throw valuable light upon the inquiry; it may help to strengthen the proba-

bilities and improbabilities, the one way or the other. When a witness is asked to narrate a conversation which ended in a contract, it is impossible to tell in advance how much of it may be wheat, and how much chaff. It must be left to the discretion of the court to keep the witness within as narrow limits as reasonably may be, for the eliciting of the truth and the whole truth. It is within bounds to say that few verdicts could stand if the admission of merely irrelevant evidence were a good ground for reversal.

2.   There were certain obvious defects in the car, which the plaintiff knew about and which he alleges the defendant agreed to repair. His counsel was asking him about them in detail, for the purpose, as he stated to the court, of explaining why the plaintiff took the car immediately to the defendant's garage. The defendant then objected. The court ruled the evidence admissible for that purpose. But no answer was made to the question objected to, and no further question on this line was asked at that time.

3.   The defendant objected to the plaintiff's testifying that he, the defendant, wanted a mortgage on certain real estate for security. Though the evidence was immaterial, it could not have been harmful.

4.   The plaintiff was permitted to testify that he took the car to the defendant's garage to be overhauled. Whether it was because of the agreement to make repairs, or because of some newly disclosed defect in the car, the record fails to disclose. If the car was taken to the garage on account of some newly discovered defect, the evidence of it would be relevant to the alleged false representation that the car was in good running order and condition. If the car was taken to the garage for the repair of defects as agreed to be made, the evidence of it was immaterial, but in view of the express ruling of the court, not prejudicial.

5.   The plaintiff was permitted to testify as to the contents of a letter which he said he wrote to the defendant, to the effect that he had misrepresented the car, that it was in bad condition, and not in good running order. The letter itself was not produced, and notice to produce was waived. The defendant objected that it was not competent to show the contents of the letter, until it was shown that the defendant received it. And in this contention the defendant was right. But the plaintiff testified that he mailed the letter properly addressed to the defendant. That is prima facie evidence of delivery

by due course of mail to the addressee. *Chase* v. *Surrey,* 88 Maine, 468; *Johnson* v. *N. Y., N. H. & H. Railroad,* 111 Maine, 263.

6. The next exception is to the contents of the letter itself. Such a letter is clearly admissible. Though in a sense self serving, it is admissible because, if the charge contained in it is untrue, it is calculated to evoke a reply. If no reply is made, that fact, unexplained, may afford an inference that the charge is true.

7. The subject matter of this exception is the same as that stated under exception 4, and this exception must fall with that one.

8. The plaintiff, on cross-examination of one of the defendant's witnesses was permitted to draw out from him the fact that he had within the preceding year been in litigation with the plaintiff. This was admissible to show bias or prejudice in the witness. It is a common and proper mode of impeachment.

No one of the defendant's exceptions can be sustained.

We will briefly discuss the motion for a new trial. The false representations relied upon as alleged are that the car had not been in use for more than one year, and that it was in good running order and condition. The trade was in 1912. The plaintiff claims that the defendant told him that the car was one year old then, and that in fact it was two years old. The defendant admits that the car was a 1910 car and claims that he told the plaintiff so. The plaintiff claims that the defendant represented that the car was in good running order and condition, and that in fact it was not. The defendant admits that he told the plaintiff that the car was in good running condition, and claims that it was so in fact. These are the issues.

A representation made as an inducement in the sale of an automobile, as to its age or the length of time it has been in use, is undoubtedly material as affecting value; and if false, it is actionable. A representation under like circumstances that it is in good running order may be the expression of an opinion, or it may be the statement of a fact. If the former, it is not actionable; if the latter, and false, it is actionable. If the representation is capable of being understood either as an expression of opinion or as a statement of fact, which it is must be determined in accordance with the understanding of the parties. If it was made as a statement of fact and was so understood it lays the basis for an action of deceit. So, if the statement was fairly susceptible of being understood to be a statement of fact, and

not a mere opinion, and the other party did so understand it. *Hotchkiss* v. *Coal & Iron Co.*, 108 Maine, 34, 46. If an automobile is represented to be in good running condition, when in fact, as is claimed in this case, there are hidden defects which prevent its proper operation, it is difficult to see why the representation may not be deemed to be a statement of fact, so far as those defects are concerned.

A careful examination of the evidence leads us to conclude that a jury would be warranted in finding for the plaintiff upon either issue presented. It cannot be said, we think, that the verdict is so manifestly wrong as to require or permit the interference of the court.

*Motion and exceptions overruled.*