**STATE of Maine**

v.

**Nicholas KOVTUSCHENKO.**

Supreme Judicial Court of Maine.

Argued Nov. 18, 1986.

Decided March 2, 1987.

Mary C. Tousignant, Dist. Atty., David Gregory (orally), Alfred, for plaintiff.

Campbell Law Offices, Andrews B. Campbell (orally), Bowdoinham, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and CLIFFORD, JJ.

NICHOLS, Justice.

The Defendant, Nicholas Kovtuschenko, appeals from a judgment of the Superior Court (York County) convicting him after a non-jury trial of operating a motor vehicle in Ogunquit on May 17, 1985, while his license was suspended. 29 M.R.S.A. § 2184(1)(D). He asserts that as applied here the statute,[1] in ordaining only "written notice" of license suspension and in failing to require actual notice thereof, denied him the due process guaranteed by Article I, Section 6–A, of the Maine Consti-

---

1. 29 M.R.S.A. § 2184(1) (1983) provides in pertinent part:

No person may operate a motor vehicle on any public highway of this State at a time

tution and the counterpart provision of the federal constitution.

The Defendant denies that he received notice from the Secretary of State, and the Superior Court admitted evidence of non-receipt to show non-mailing. However, the court expressly found that such evidence did not generate a reasonable doubt on the essential element of mailing.

It has long been the law in this jurisdiction that proof of mailing raises a presumption of receipt. *Ross v. Reynolds*, 112 Me. 223, 225–26, 91 A. 952 (1914). Undoubtedly the Legislature had this history in mind along with the administrative convenience of this system, and above all with its concern that presumptively dangerous operators must be removed from Maine's highways, when it enacted 29 M.R.S.A. § 2184.

We observe that the statute enacted by the Legislature is a reasonable regulation of one's right to operate a motor vehicle in Maine. *Giberson v. Quinn*, 445 A.2d 1007 (Me.1982). In these circumstances mail addressed to a licensee at the address he himself supplied is reasonably calculated to reach him and apprise him of the Secretary's action. Thus, it accords this Defendant all the process that is his due. *See Townsend v. Dollison*, 66 Ohio St.2d 225, 421 N.E.2d 146 (1981); *State v. Wenof*, 102 N.J.Super. 370, 246 A.2d 59 (1968). We conclude that the counterpart provision of the federal constitution imposes no more rigorous requirement of due process. *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314–15, 70 S.Ct. 652, 657–658, 94 L.Ed. 865 (1949). *See also Mennonite Board of Missions v. Adams*, 462 U.S. 791, 799–800, 103 S.Ct. 2706, 2711–2712, 77 L.Ed.2d 180 (1983).

The entry is:

Judgment affirmed.

All concurring.

when his license ... has been suspended or revoked ... when that person:
D. Is a person to whom written notice was sent by ordinary mail at the last known ad-

dress shown by the records maintained by the Secretary of State; ....