STATE of Maine

v.

Robert LAMARRE

Supreme Judicial Court of Maine.

Argued Nov. 3, 1988.
Decided Feb. 6, 1989.

William R. Anderson, District Attorney, David M. Spencer, Patricia Worth, (orally), Asst. Dist. Attys., Wiscasset, for plaintiff.

Richard W. Elliott, II (orally), Boothbay Harbor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Robert Lamarre appeals from judgments of the Superior Court, Lincoln County (*Perkins, J.*), entered on jury verdicts of guilty of operating an unsafe motor vehicle and operating after suspension, 29 M.R.S.A. §§ 2508 & 2184 (Supp.1988). Lamarre also appeals from his conviction in the Superior Court, Lincoln County (*Bradford, J.*), after a jury-waived trial on a second charge of operating after suspension. The cases were consolidated on appeal. We affirm the convictions.

Lamarre was driving a pickup truck on Birch Point Road in Wiscasset when he struck a car backing out of a driveway into his lane of travel. Lamarre told an officer who arrived at the scene that he had been working on his brakes but that he didn't have any rear brakes. An inspection of the vehicle revealed that the brake pedal went nearly to the floor before offering any resistance, that new brake shoes on the rear had probably never contacted the brake drums, that the system was missing brake fluid, and that the vehicle would not have passed inspection. Lamarre testified that

he was driving a truck that he knew the brakes "weren't right on."

At trial, defense counsel orally requested an instruction on brake stopping distances based on 29 M.R.S.A., ch. 11, § 1362 (Supp. 1988), which is part of a subchapter regulating motor vehicle equipment. The court denied the request and precluded defense counsel from making reference to the issue in argument. After closing argument, the court did include the requested instruction in charging the jury. Defense counsel objected that he had been prevented from arguing the point although it had been mentioned by the court. He declined an offer of reinstruction indicating that it would hurt more than help. Lamarre now argues that the jury was misled and that the court's action constitutes reversible error.

The court was not required to give the requested instruction. Section 2508 prohibits the operation of a motor vehicle that does not conform to the standards of Title 29, ch. 22, which require that brakes must be in good working order, mechanically safe and not pose a hazard. 29 M.R.S.A. § 2503(1)(A), (C) & (D) (Supp. 1988). The fact that Lamarre's vehicle would not have passed inspection under chapter 22 would place him in violation of section 2508, regardless of whether the vehicle's brakes conformed to the standards of section 1362. The court's instruction, therefore, afforded Lamarre more than he was entitled to in defense of the section 2508 violation. Although the court's action was incorrect, it constitutes only harmless error.

Lamarre challenges his convictions for operating after suspension on the ground that 29 M.R.S.A. § 2184 creates an unconstitutional presumption of receipt by the licensee when the Secretary of State mails notice of a driver's license suspension to the last known address of the licensee. Lamarre presented evidence that he received mail at a post office box rather than his street address, that he provided the Secretary of State with only his street address, and that he never received notice of his license suspension. Contrary to La-

marre's argument, section 2184 creates no presumption of receipt, nor is the State required to prove receipt. *State v. St. Hilaire,* 543 A.2d 824, 827 (Me.1988).

Lamarre cites *State v. Kovtuschenko,* 521 A.2d 718 (Me.1987), for the proposition that, under section 2184, proof of mailing raises a presumption of receipt. We disagree. In *Kovtuschenko* we held that the legislation requiring proof only of mailing rather than of receipt comports with due process requirements because "mail addressed to a licensee at the address he himself supplied is reasonably calculated to reach him." *Id.* at 719. Evidence of nonreceipt was admitted in *Kovtuschenko* to rebut evidence of mailing. *Id.* So it was in Lamarre's two trials. In sum, evidence of mailing, if believed by the factfinder, is sufficient to prove a violation of section 2185 consistent with the due process requirements of both state and federal constitutions. *Id.*

The entry is:

Judgments affirmed.

All concurring.