STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
KENNEBEC, ss.                                     DOCKET NO. AP-03-51
                                                  DHM-KEN - 3/22/2004

CHRISTOPHER RUSSELL,

          Petitioner

     v.                                           DECISION AND ORDER

STATE OF MAINE, UNEMPLOYMENT
INSURANCE COMMISSION,
                                                  MAY 11 2004
          Respondent


     This matter is before the court on petition in accordance with M.R. Civ. P. 80C.

Christopher Russell, previously the husband of Linda Labbe, worked at the family

roofing company (Dow Roofing) of his ex-father-in-law Michael Labbe. According to

averments of petitioner, his father-in-law suffered from early onset Alzheimer's disease

and petitioner, previously an employee of Dow Roofing, was prevailed upon by his

then-wife to become the President of the corporation while being told that his duties

would not change. Christopher Russell was listed as the President, Treasurer and one

of the two Directors of Dow Roofing on the 2001 Annual Report submitted to the State

of Maine.

     Based on the 2001 Annual Report, the Maine Tax Division of the Bureau of

Unemployment Compensation ("the Bureau") sent petitioner an Assessment of

Personal Responsibility amounting to $14,642.78 for the payment of unemployment

contributions of Dow Roofing. This Assessment was sent via certified and registered

mail[1] to his last known address[2] on October 8, 2002. A person named Edward W. Russell signed the certified mail receipt on October 21, 2002.

A notice of Tax Lien for the $14,642.78 naming petitioner was filed on November 21, 2002. A "twelve day notice" (final Notice for Demand and payment) was sent to petitioner's last known address and to Dow Roofing on January 2, 2003.[3] On April 28, 2003, a disclosure subpoena and a copy of a warrant issued on March 4, 2003, were sent to petitioner's last known address and Dow Roofing.

Petitioner admits to receiving this last mailing and reacted by requesting reconsideration by the Bureau averring that he was merely an employee of Dow Roofing and had never been an employer as defined by the relevant statute. On April 29, 2003, petitioner appealed the assessment levied on him on October 8, 2002. In a decision dated June 6, 2003, respondent Bureau found that Christopher Russell's appeal was not timely and that a determination in this matter had been final as of November 7, 2002.

In a letter dated June 10, 2003, and received by the Bureau on June 11, 2003, petitioner requested reconsideration of the June 6, 2003 decision. This request was denied on August 1, 2003. Petitioner timely filed for review of the August 1, 2003 denial with this court.

The administrative Record was filed with this court on September 25, 2003. Respondent's brief, due within forty days of this filing pursuant to M.R. Civ. P. 80C(g)

---

[1] Petitioner asserts in his petition and in his brief that the notice was mailed "certified, but not registered, mail." The copy of the return, signed by Edward W. Russell, has both the certified and registered mail boxes checked. Neither side has made representations as to the meaning of the certified mail receipt.
[2] This appears to continue to be his present address, 280 Northern Avenue, Augusta, Maine 04330.
[3] By now the amount due had grown to $14,916.21 due to accrued interest.

and the Notice and Briefing Schedule dated September 29, 2003, was filed on December 8, 2003.[4]

When the decision of an administrative agency is appealed pursuant to M.R. Civ.P. 80C, this Court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Board of Exam'r of Psychologists*, 2000 ME 206 ¶9, 762 A.2d 551, 555 (Me. 2000) (citing *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶6, 703 A.2d 1258, 1261 (Me. 1997)). In reviewing the decisions of an administrative agency, the Court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the Court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). The focus on appeal is not whether the Court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency. *CWCO, Inc. v. Superintendent of Ins.*, 703 A.2d 1258, 1261. "Inconsistent evidence will not render an agency decision unsupported." *Seider*, 762 A.2d 551 (citations omitted). The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the Board's decision. *Id.*

Factual determinations must be sustained unless shown to be clearly erroneous. *Imagineering*, 593 A.2d at 1053 (noting that the Court recognizes no distinction between

---

[4] Petitioner in his Reply brief moves this court to strike the respondent's brief as untimely. Although this brief was filed on the thirty-third day after the filing of petitioners brief, it appears timely pursuant to M.R. Civ. P. 6(c).

the clearly erroneous and substantial evidence in the record standards of review for factual determinations made by administrative agencies). "A party seeking review of an agency's findings must prove they are unsupported by *any* competent evidence." *Maine Bankers Ass'n v. Bureau*, 684 A.2d 1304, 1306 (Me. 1996) (emphasis added).

"When the dispute involves an agency's interpretation of a statute administered by it, the agency's interpretation, although not conclusive on the Court, is accorded great deference and will be upheld unless the statute plainly compels a contrary result." *Maine Bankers Ass'n*, 684 A.2d at 1306 (citing *Centamore v. Department of Human Services*, 664 A.2d 369, 370 (Me. 1995)).

Petitioner's central argument is that he was never an "employer" under Maine law despite being listed as the record President, Treasurer and an officer of Dow Roofing. This averment goes to both strands of the argument he offers in this court.

As a matter of fairness and equity he asserts that holding him responsible for unemployment compensation taxes is unjust as he served as President, etc. only as a family duty and his role was barely that of a figurehead. Petitioner asserts that the methods used to give him notice of the Bureau's assessment were only applicable to an "employer" and not applicable to a person accused of being a mere "responsible individual."

Respondent defends the correctness of its refusal to grant petitioner's appeal and especially the correctness of its decision not to reconsider petitioner's appeal citing the strict time limits set forth for perfecting an appeal in the Employment Security Law:

1.   APPEAL TO THE COMMISSION.

A.   An employer may appeal determinations by the commissioner or the commissioner's designated representatives made under sections 1221, 1222 and 1225, or an assessment made under section 1225, to the commission by filing an appeal, in accordance with regulations that the commission prescribes, within 30 days after notification is mailed

to the employer's last known address as it appears in the records of the bureau or, in the absence of such mailing, within 30 days after the notification is delivered. If the employer fails to perfect this appeal, the assessment or determination is final as to law and fact.

12 M.R.S.A. § 1226(1)(A).

Respondent asserts that the Law Court has held the statutory time limits to be jurisdictional and therefore to be strictly enforced.

> [C]ourts are not at liberty to read into the Act provisions which the Legislature did not incorporate therein, nor may they enlarge the scope of the statute, under the guise of construing the legislation. *Toothaker v. Maine Employment Security Commission*, Me., 217 A.2d 203, 210 (1966); *Red Bird v. Meierhenry*, S.D., 314 N.W.2d 95, 96 (1982). It follows that the administrative authorities, as well as the courts themselves, have no inherent power to extend or ignore statutory appeal periods in the absence of delegated statutory authority to do so. See *Whitchurch v. Department of Employment Security*, 139 Vt. 566, 433 A.2d 284, 286 (1981). The specific periods of appeal statutorily affixed to the several steps in the chain of administrative review are jurisdictional and mandatory.

*McKenzie v. Maine Employment Sec. Com.*, 453 A.2d 505, 509 (Me. 1982).

Respondent also notes that although petitioner avers that he did not receive notice and was unaware of the assessment until he received the disclosure subpoena he never contends that the assessment and notice were not sent to his address. Respondent cites authority for the proposition that the mailing procedures they undertook comport with due process requirements. *State v. Lamare*, 553 A.2d 1260, 1262 (Me. 1989) ("mail addressed to a licensee at the address he himself supplied is reasonably calculated to reach him.") quoting State v. *Kovtuschenko*, 521 A.2d 718, 719 (Me. 1987).

Petitioner's failure to appeal the assessment made that assessment final 30 days after October 8, 2002. Petitioner's failure to appeal that assessment until the reality of a warrant and a disclosure subpoena spurred him to action in an untimely manner created a fatal jurisdictional defect in his appeal.

The entry will be:

The decision of the State of Maine Unemployment Insurance Commission of June 6, 2003, in the matter of Case No. 03-E-09032, Account No. 01-67597-009 denying petitioner's appeal from an assessment of responsible individual determination issued by the Maine Department of Labor, Bureau of Unemployment Compensation Divisions is AFFIRMED.

Dated: March 22, 2004

Donald H. Marden
Justice, Superior Court

Date Filed___8/29/03_____ ___Kennebec_____ Docket No. __AP03-51_____
                                    County

Action ____Petition for Review_____
              80B

# J. MARDEN

____Christopher Russell_____ VS. ____State of Maine, Unemployment Insurance Comm

Plaintiff's Attorney

 Brian Condon, Esq.
 258 Main Street
 Winthrop, Maine  04364

Defendant's Attorney

 Pamela Waite, AAG
 Elizabeth Wyman, AAG
 Office of Attorney General
 6 State House Station
 Augusta  ME  04333-0006

| Date of Entry | |
|---|---|
| 8/29/03 | Petition for Review,Determination of Liability, filed. s/Condon, Esq. |
| 9/12/03 | Letter of Appearance on behalf of the State of Maine, filed. s/P. Waite, AAG and E. Wyman, AAG. |
| 9/25/03 | Administrative Record, filed. s/Waite, AAG |
| 9/29/03 | Notice of briefing schedule mailed to attys fo record. |
| 11/4/03 | Pettioner's Brief, filed. s/Condon, Esq. (attached exhibit A) |
| 12/8/03 | Brief of Respondent Maine Unemployment Insurance Commission, filed. s/Waite, AAG |
| 12/19/03 | Petitioner's Reply Brief, filed.  s/B. Condon, Esq.    (filed 12/18/03)    Notice of setting for___3/4/04___    sent to attorneys of record. |
| 3/4/04 | Oral arguments had with Hon. Justice Donald Marden, presiding. Brian Condon, Esq. for the Plaintiff and Elizabeth Wyman, AAG for the State. Oral arguments made to the court. Court to take matter under advisement. |
| 3/24/04 | DECISION AND ORDER, MARDEN, J.    The decision of the State of Maine Unemployment Insurance Commission of June 6, 2003, in thematter of Case No. 03-E-09032, Account No. 01-67597-009 denying petitioner's appeal from an assessment of responsible individual determination issued by the Maine Department of Labor, Bureau of Unemployment Compensation Divisions is AFFIRMED. Copies mailed to attys. Copies mailed to Deborah Firestone, Garbrect Library and Goss. |