STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-13-17
*MMM - KEN - 12/24, 2013*

GINA TURCOTTE,
Petitioner

v.

**ORDER ON RULE 80C APPEAL**

SECRETARY OF STATE,
Respondent.

Before the Court is Petitioner Gina Turcotte's ("Turcotte") Petition filed pursuant to M.R.

Civ. P. 80C challenging a decision of Respondent, Secretary of State Bureau of Motor Vehicles'

("BMV"), dated April 2, 2013. BMV's April 2, 2013 decision denied Petitioner's March 18,

2013 request for an administrative hearing on the January 5, 2010 suspension of her driver's

license for failure to timely file a driver medical evaluation form with the BMV. Petitioner

argues that the BMV's decision should be reversed because she was not properly noticed of the

suspension.

## BACKGROUND AND PROCEDURAL HISTORY

On September 7, 2005, BMV received a driver medical evaluation form regarding

Turcotte's diagnosis of Psychiatric Disorders. (R. T. 3.) On November 12, 2009, pursuant to 29-

A M.R.S. § 1258(3) & 29-250 C.M.R. ch. 3, BMV requested Turcotte to submit a progress report

on her condition by January 5, 2010 and mailed a driver medical evaluation form to the last

known address she had provided to BMV.[1] (R. T. 3.) On December 27, 2009, BMV mailed a

notice of suspension and opportunity for hearing, again to the last known address Turcotte had

---

[1] The Functional Ability Profile for Psychiatric Disorders Level 3(a) calls for an internal review every 4 years. BMV Medical Rules, Rule 29-250, Ch. 3.

1

provided. (R. T. 3.) The notice warned Turcotte that her license would be suspended effective January 5, 2010 if she failed to submit the requested driver medical evaluation form. (R. T. 3.) The notice also informed her that that she had the right to request an administrative hearing prior to January 15, 2010. (R. T. 3.)

On January 5, 2010, the indefinite suspension went into effect because Turcotte did not submit the requested evaluation form. (R. T. 3.) Turcotte also failed to request an administrative hearing by the January 15, 2010. (Br. of Resp. 2.) On March 7, 2011, during a traffic stop, a law enforcement officer personally informed Turcotte that her license was under suspension. (R. T. 3.) On March 8, 2011, Turcotte submitted a completed driver medical evaluation form to BMV. (R. T. 3.) That same date, BMV restored Turcotte's driving privileges. (R. T. 3.)

On March 18, 2013, more than two years after BMV restored her driving privileges, Turcotte requested an administrative hearing to challenge the January 5, 2010 suspension. (R. T. 3.) After an exchange of correspondence between Turcotte and BMV, on April 2, 2013, Robert E. O'Connell, Jr., Director of Legal Affairs, Adjudications and Hearings at BMV, sent a letter to Turcotte denying the request for hearing as untimely. (R. T. 3.) Mr. O'Connell's letter also informed Turcotte that his letter was considered final agency action. (R. T. 3.) On April 22, 2013, Turcotte filed her Petition seeking review of the April 2, 2013 decision denying her request for an administrative hearing.

## STANDARD OF REVIEW

The court must affirm agency decisions unless it finds an abuse of discretion, error of law, or findings unsupported by substantial evidence from the record.[2] *Thacker v. Konover Dev.*

---

[2] Under the statutory iteration, the Superior Court may only reverse or modify an administrative decision if it is:
   (1) In violation of constitutional or statutory provisions;
   (2) In excess of the statutory authority of the agency;

*Corp.*, 2003 ME 30, ¶ 14, 818 A.2d 1013 (citation and quotation marks omitted). The petitioner bears the burden of proving that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." *Bischoff v. Maine State Ret. Sys.*, 661 A.2d 167, 170 (Me. 1995) (citation omitted). "Judges may not substitute their judgment for that of the agency merely because the evidence could give rise to more than one result." *Gulick v. Bd. of Envtl. Prot.*, 452 A.2d 1202, 1209 (Me. 1982) (citation omitted). Rather, the court will defer to administrative conclusions when based on evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and quotation omitted).

In doing so, the court must give great deference to an agency's construction of a statute it is charged with administering. *Rangeley Crossroads Coal. v. Land Use Regulation Comm'n*, 2008 ME 115, ¶ 10, 955 A.2d 223. Likewise, the court must accept the agency's interpretation of its own internal rules and regulations "unless the rules or regulations plainly compel a contrary result." *Id.*

## DISCUSSION

Under 5 M.R.S. § 9053, an agency may "[p]lace on any party the responsibility of requesting a hearing if the agency notifies him in writing of his right to a hearing, and of his responsibility to request the hearing" and "[m]ake informal disposition of any adjudicatory proceeding by default, provided that notice has been given that failure to take required action may result in default." 5 M.R.S. § 9053. Section 2983, which outlines administrative procedures

---

(3) Made upon unlawful procedure;
(4) Affected by bias or error of law;
(5) Unsupported by substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion.
5 M.R.S.A. § 11007(4)(C).

3

for suspension of a driver's license, requires that a request for hearing "be made within 10 days from the effective date of the suspension." 29-A M.R.S. § 2983(1).

Petitioner argues that she was unable to make a timely request for a hearing because she had not been given proper notice advising her of the suspension and the right to a hearing. Section 3 of the Department of the Secretary of State Rules for Administrative Hearings provides as follows:

> If a request is made after the ten day period and the Secretary of State finds that the person was unable to make a timely request due to lack of actual notice of the suspension or due to factors of physical incapacity, the Secretary of State shall waive the period of limitation, reopen the matter and grant the hearing request.

29-250 C.M.R. ch. 2, § 3.

To satisfy 5 M.R.S. § 9053(1) and in compliance with 29-A M.R.S.A. § 2482,[3] on December 27, 2009, BMV mailed a notice of suspension, which informed Turcotte that her right to operate a motor vehicle would be suspended on January 5, 2010 and that she had a right to an administrative hearing. The notice was sent to Turcotte's last known address, the address she had provided to DMV. *See State v. Kovtuschenko*, 521 A.2d 718, 719 (Me. 1987) ("[M]ail addressed to a licensee at the address he himself supplied is reasonably calculated to reach him and apprise him of the Secretary's action."); *see also State v. Tayman*, 2008 ME 177, ¶ 7, 960 A.2d 1151 ("[P]roof of mailing of notice, rather than of actual receipt, satisfied both statutory and due process requirements.").

---

[3] 29-A M.R.S.A. § 2482 in relevant part provides as follows:

> Upon determining that a person is subject to license suspension or revocation, the Secretary of State shall immediately notify the person, in writing, of the license suspension or revocation. The notice must be sent to the last name and address provided under section 1407. . . . The notice must clearly state: the reason and statutory grounds for the suspension or revocation; the effective date of the suspension or revocation.

Petitioner purports that because she had become "transient" in September 2007, she did not receive the December 27, 2009 correspondence and therefore, did not have "actual" notice of the suspension. Section 3 of 29-250 C.M.R. ch. 2 indeed requires the Secretary of State to waive the ten-day period of limitation and reopen the matter, if Petitioner can prove she did not have "actual" notice of the suspension. But these are not the facts of this case. On March 7, 2011, an actual notice was given to Turcotte by a law enforcement officer, who during a traffic stop, personally informed Turcotte that her driver's license had been suspended. Petitioner did not make her request for a hearing until more than two years from receiving the March 7, 2011 "actual" notice of the suspension. For the foregoing reasons, Turcotte's request for an administrative hearing to challenge the January 5, 2010 suspension was untimely.

Moreover, even if this Court were to find that Turcotte's request for a hearing was made within the time period permitted by 29-250 C.M.R. ch. 2, § 3, her request is now moot because on March 8, 2011, her driving privileges were fully restored. *See Pelkey v. State*, No. CIV.A. AP-99-59, 2000 WL 33675710, at *2 (Me. Super. Aug. 21, 2000) ("The concept of mootness is based on the principle that courts should decline to decide issues which by virtue of valid and recognizable supervening circumstances have lost their controversial vitality.") (quotations omitted).

**The entry will be:**

**The decision of the Secretary of State dated April 2, 2013 is AFFIRMED.**

_____ \
10\24\13 \
**DATE**

_____ \
**SUPERIOR COURT JUSTICE**

5

Kennebec          Docket No. AP-13-17        F
                                 County

Action:  Petition for Review          **J. Murphy**
            80C

                               vs.
Gina Lynn Turcotte                     State of Maine, Bureau of Motor Vehicles

Plaintiff's Attorney                   Defendant's Attorney

Gina Lynn Turcotte, Pro se             Donald W. Macomber, AAG
3 Washington Street Place, Unit 1      6 State House Station
Augusta, ME 04330                      Augusta, ME  04333-0006

Date of Entry

| | |
|---|---|
| 4/23/13 | Plaintiff's Petition For Review Of Final Administrative Action, filed (4/22/13). s/Turcotte, Pro se. |
| 4/23/13 | Application for plaintiff to proceed without payment of fees filed with Affidavit, s/Turcotte, Pro se. |
| 4/23/13 | Copy of BMV decisions dated 4/2/13 and 4/10/13, filed.  s/Turcotte, Pro Se |
| 4/26/13 | ORDER, Murphy, J (4/25/13).<br>The filing fee is waived.<br>The service Costs shall be paid as an expense of the administration.<br>Copy sent to Gina Lynn Turcotte. |
| 5/01/13 | Entry of Appearance,  s/Macomber, AAG |
| 5/28/13 | Affidavit and Request for Default and Default Judgment, filed (5/24/13). s/Turcotte, Pro se |
| 5/28/13 | Waiver of Conflict of Interest with J. Mills, filed.  s/Turcotte, Pro Se |
| 5/28/13 | Letter and Request For Hearing, filed.  s/Turcotte, Pro Se |
| 5/29/13 | Certified Record, filed. s/Macomber, AAG |
| 5/29/13 | Notice and Briefing Schedule issued. Copy to s/Turcotte, Pro Se, s/Macomber, AAG<br>Judge has not yet been assigned |
| 5/31/13 | Respondent's Motion To Enlarge Time To File Record *Nunc Pro Tunc*, filed.<br>s/ Macomber, AAG |
| 6/28/13 | ORDER, Nivison, J (6/2713).<br>Motion to enlarge time to file Record *Nunc Pro Tunc*, GRANTED. |
| 7/9/13 | Petitioner's Motion to Enlarge time to file brief, filed (7/8/13). s/Turcotte, Pro se. |

| | |
|---|---|
| 7/12/13 | ORDER, Murphy, J.<br>Petitioner's Motion to Enlarge is GRANTED. Petitioner's deadline to file its brief is 715/13.<br>Copy to attorneys of record. |
| 7/17/13 | Brief of Petitioner, filed (7/15/13). s/Turcotte, Pro se |
| 8/1/13 | Brief of Respondent, filed (7/31/13). s/Macomber, AAG |
| 8/1/13 | Letter filed with brief stating in the event the Petitioner requests oral argument, respondent waives its right to be present for the argument, filed (7/31/13). s/Macomber, AAG |
| 8/14/13 | Petitioner's Reply Brief, filed. s/Turcotte, Pro Se |
| 9/20/13 | Letter re: scheduling oral arguments, filed 9/18/13. s/Turcotte, Pro Se |
| 9/21/13 | Oral argument scheduled for 10/9/13 at 11:00 a.m.<br>Motion/Oral Argument List and Notice of Hearing to Petitioner and AAG Macomber |
| 9/24/13 | Letter indicating Respondent waives its right to be present for argument scheduled on 10/9/13, filed. s/Macomber, AAG |
| 10/9/13 | Oral argument held. J. Murphy presiding.<br>Gina Turcotte appeared pro se. AAG Macomber did not appear.<br>Tape 1767, Index 6245-7380<br>Under advisement. |
| 10/24/13 | ORDER ON RULE 80C APPEAL, Murphy, J.<br>The decision of the Secretary of State dated April 2, 2013 is AFFIRMED.<br>Copy to Petitioner and AAG Macomber. |