STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           AUGUSTA
                                        DOCKET NO. AP-14-60


PINE TREE STATE FIVE II, LLC
d/b/a FIVE GUYS BURGERS AND FRIES,
        Petitioner


v.                                      **DECISION AND ORDER**



UNEMPLOYMENT INSURANCE COMM.,
        Respondent


## *Introduction:*

1.  The Petitioner terminated the employee on 5/5/2014 for alleged illicit drug use. The employee thereafter applied for unemployment benefits. There is no evidence in the Record that employee provided notice to the Petitioner of his application for unemployment benefits. A "Fact Finding" hearing was held on May 22, 2014 before a Deputy of the Bureau of Unemployment Compensation. According to the Findings of Fact made by the Deputy, both the Respondent and employee were notified of the date and time for the hearing, which was conducted by telephone. There is no other evidence in the Record to support this finding. Employee testified by telephone after being called by the Deputy; the Respondent did not answer the telephone call of the Deputy, and as a result a message was left on an answering machine to return the Deputy's call "by 5/27/14, no later than noon, or a decision would be made based on available information..." (Record at 14). It appears undisputed that the Deputy used an incorrect telephone number in an attempt to reach the Petitioner. (Record at 6, 13, and 14).

2.  The Deputy issued a decision on 6/11/14 authorizing unemployment benefits payable to employee. The decision states that it (the decision) becomes final unless appealed on or before 6/26/14. The decision also states that an additional 15 days to appeal may be allowed for good cause. The Deputy issued the decision after expressly finding that the Petitioner had been duly notified of the hearing, did not participate in the hearing, did not respond to a telephone message to contact the Deputy's office, and did not return requested documentation. (Record at 12). There is no other evidence in the record to support these findings.

3. There is no documentation such as a return of any of the materials that the Deputy found were mailed to Petitioner to support Petitioner's claim that it never received notice of the hearing, the resulting decision of the Deputy, etc.

4. On July 21, 2014 the Petitioner appealed the Deputy's decision.[1] The appeal was dismissed by the Chief Administrative Hearing Officer of the Maine Department of Labor, Division of Administrative Hearings on 7/23/14 on grounds that the appeal of the Petitioner was not filed on a timely basis pursuant to 26 M.R.S. § 1194. (Record at 7-8).

5. Petitioner appealed the decision of the Hearing Officer on July 31, 2014, contending that Petitioner had "never received the first original paperwork at the office to appeal the claim...and the phone number you had was wrong..." (Record at 6). The acknowledgement of the appeal filed by Petitioner from the Respondent mistakenly references the appeal as that of the employee, a mistake that is noted on the face of the acknowledgment further down the page. (Record at 5).

6. The Respondent by decision dated August 8, 2014 dismissed the appeal of Petitioner, again finding that the appeal of the Petitioner ran afoul of the time restrictions contained in 26 M.R.S. § 1194 for filing an appeal, and thus neither the Respondent nor the Division of Administrative Hearings had jurisdiction to disturb the Deputy's Decision of June 11, 2014. (Record at 1-4). Both decisions to dismiss the Petitioner's appeal cited *McKenzie v. Maine Employment Sec. Com'n*, 453 A.2d 505 (Me. 1982) as controlling the outcome of the case. This appeal followed.

### *Standard of Review:*

7. The Court in reviewing a decision of the Maine Unemployment Insurance Commission reviews the administrative record to determine whether the Commission's findings are supported by any competent evidence in the record and whether the Commission has correctly applied the law. *Sinclair Builders, Inc. v. Unemployment Insurance Commission*, 2013 ME 76.

8. The undersigned cannot overrule findings of fact supported by substantial evidence, defined as "such relevant evidence as a reasonable mind might accept as adequate to support the resultant conclusion..." *Lewiston Daily Sun v. Unemployment Insurance Commission*, 1999 ME 90.

9. Put another way, the undersigned cannot disturb a decision of the Commission unless the record before the Commission compels a contrary result. *Gerber Dental Center v. Maine Unemployment Insurance Commission*, 531 A.2d 1262 (Me. 1987). Furthermore, the Commission's findings of fact must be upheld unless they are clearly erroneous. *Schwartz v. Unemployment Insurance Commission*, 2006 ME 41.

---

[1] A copy of the appeal is not contained in the Record provided to the Court.

10. The fact that the record contains inconsistent evidence or that inconsistent conclusions could be drawn from the record does not prevent the agency's findings from being sustained if there is substantial evidence to support them. A Court shall not substitute its judgment for that of the agency where there may be a reasonable difference of opinion. The burden of proof clearly rests with the party seeking to overturn the decision of an administrative agency. *Seven Islands Land Co. v. Maine Land Use Regulation Comm'n*, 450 A.2d 475 (1982).

11. Specific periods of appeal statutorily affixed to the several steps in the chain of administrative review with respect to claims for unemployment benefits are jurisdictional and mandatory. *McKenzie v. Maine Employment Sec. Com'n*, 453 A.2d 505 (Me. 1982). The undersigned notes, however, that the Law Court in *McKenzie* expressly found that "McKenzie had ample and adequate notice of his duty to appeal..." a point that is hotly contested in the instant case. *Id.* at 512.

### Discussion:

12. Obviously, one cannot appeal a decision that one is not aware of; on the other hand, it is Petitioner's burden of proof here to persuade the undersigned that the record below **compels** the finding that Petitioner never received notice of the initial hearing as well as the resulting decision of the Deputy, thus justifying the untimeliness of Petitioner's appeal, because there is no dispute that the appeal of the Petitioner was untimely to the extent it was filed past the statutory deadline set forth in 26 M.R.S. § 1194(3).

13. The law in our State is clear: a document that is properly addressed, postpaid and mailed is presumed to have been received in the due course of the mail. *State v. Kovtuschenko*, 521 A.2d 718 (Me. 1987). A rebuttable presumption is not evidence in the scales with weight to be overcome; rather, a rebuttable presumption is a procedural device in the trial of a case that has the effect of shifting to the other party, not the burden of proof, but the burden of going forward with evidence. *Hann v. Merrill*, 305 A.2d 545 (Me. 1973). In the present case, there is scant evidence of the Deputy's decision ever being mailed out to the Petitioner, other than a note on the presumed cover page of the Deputy's decision stating "Dated and Mailed: 06/11/14". (Record at 11). There is **no** evidence that the decision was "postpaid".

14. The principles of due process have been described as another name for governmental fair play. *In Re John M. Stanley*, 133 Me. 91 (1934). The essential requirement of due process in the administrative context is that a party be given notice and an opportunity to be heard. *Martin v. Unemployment Ins. Comm'n.*, 1998 ME 771. The undersigned has grave doubts that the Deputy's decision was ever received by the Petitioner. Neither the decision of the Division of Administrative Hearings or of the Respondent **affirmatively finds** that the decision was **in fact** mailed: the closest the decisions come is to state that the Deputy's decision "was issued on June 11, 2014..." (Record at 7).[2]

---

[2] The undersigned also has taken note that notwithstanding the Petitioner notifying the Respondent of a change in Petitioner's mailing address, Record at 6, the Respondent mailed its

3

15. Given the procedural irregularities that appear in the record coupled with the scarcity of evidence surrounding the central issue of whether the Respondent ever received notice of the hearing date and time before the Deputy as well as the resulting decision of the Deputy within a time frame so that Respondent could assert its rights to be heard both at hearing as well as on appeal of the Deputy's decision, the undersigned is convinced that the appropriate response for this Court is to **vacate** the Decision of the Respondent and **remand** this matter for further proceedings consistent with this decision. Those proceedings should include, at a minimum, affirmative findings of fact concerning: 1) whether Petitioner was in fact mailed the documentation the Deputy found the Petitioner did not return; 2) whether Petitioner in fact was mailed/ received notice of the date and time of hearing; 3) whether the Deputy in fact called the wrong telephone number attempting to reach Petitioner; 4) whether Petitioner in fact received a copy of the Deputy's decision; 5) and/or whether the decision was in fact mailed to Petitioner in care of Petitioner's appropriate mailing address at the time, etc. This may, in consideration of the above, simply result in a hearing at which both Petitioner and employee have an opportunity to be heard.

16. Right or wrong, the undersigned likens the situation here to a default being entered against a litigant who contends they never received proper service of the complaint or otherwise has a plausible excuse for their perceived inaction in defending a lawsuit. Pursuant to Rule 55, Maine Rules of Civil Procedure, a Court may set aside a default if the defaulted defendant shows that they had a good excuse for the default occurring and a meritorious defense to the action. It is preferred that cases be decided on their merits, *Thompson v. Thompson*, 653 A.2d 417, 420 (Me. 1995), and it seems appropriate to the undersigned that Petitioner, at a minimum, deserves findings with respect to the issues set forth above, if not a hearing on the merits.

**So Ordered.**

The Clerk is directed to incorporate this Decision and Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Date: 7/8/2015

BY _____

**Robert E. Mullen, Justice**
**Maine Superior Court**

---

decision dismissing the Petitioner's appeal to its former address, Record at 1. (In fairness, the undersigned also notes that Petitioner used its former address on the Summary Sheet filed with the Court.)

4

<u>Kennebec</u>    Docket No. AP-14-60    F
                     County

Action: <u>Petition for Review</u>    **J. Mullen**
           80C

Pine Tree State Five II, LLC    vs.    Unemployment Insurance Cmsn
(d/b/a Five Guys Burgers & Fries)    and Blaine J. Grant

Plaintiff's Attorney    Defendant's Attorney

- Daniel Nuzzi, Esq.    Nancy Macirowski, AAG  (UIC)
- Anne Torregrossa, Esq.    6 State House Station
- Michael Carey    Augusta, ME  04333-0006
PO Box 3070
Lewiston, ME  04243-3070

Date of Entry

| | |
|---|---|
| 9/23/14 | Petition For Review Of Final Agency Action, filed 9/19/14. s/Nuzzi, Esq. |
| 10/2/14 | Letter entering appearance, filed 9/30/14. s/Macirowski, AAG |
| 10/21/14 | Administrative Record, filed 10/17/14. s/Macirowski, AAG |
| 10/22/14 | Notice and Briefing Schedule issued.<br>Copy to Atty Nuzzi and AAG Macirowski |
| 12/2/14 | Brief of Petitioner, filed (12/1/14). s/Torregrossa, Esq. |
| 1/7/15 | Brief of Respondent Maine UIC, filed 1/2/15. s/Macirowski, AAG |
| 1/30/15 | Petitioner's Reply Brief, filed (1/16/15). s/Nuzzi |
| 4/2/15 | Oral Argument scheduled for May 1, 2015 at 9:30 a.m.<br>Copy to Nuzzi, Torregrossa, Macirowski |
| 5/1/15 | Entry of Appearance for Five Guys, filed. s.Carey, Esq. |
| 5/7/15 | Oral Argument held May 1, 2015<br>Under Advisement |
| 7/10/15 | DECISION AND ORDER, Mullen, J.  (7/8/15)<br>The Decision of the Respondent is vacated and the matter is remanded for further proceedings consistent with this decision.<br>The Clerk is directed to incorporate this Decision and Order by reference.<br>Copy to Atty Nuzzi and AAG Macirowski<br>Copy to Repositories |